1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   LAURA M. FRANZE (SBN 250316)
2  1700 Pacific Avenue, Suite 4100
   Dallas, Texas 75201
3  Telephone:   214.969.2800
   Facsimile:   214.969.4343
4  E-mail:      lfranze@akingump.com

5  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   KALIA C. PETMECKY (SBN 194094)
6  2029 Century Park East, Suite 2400
   Los Angeles, California 90067-3012
7  Telephone:   310-229-1000
   Facsimile:   310-229-1001
8  E-mail:      kpetmecky@akingump.com

9  Attorneys for Defendants
   EDDIE BAUER, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTAL D. SCHERER, an individual, on behalf of herself individually, all others similarly situated, and on behalf of the general pubic,<br><br>Plaintiffs,<br><br>v.<br><br>EDDIE BAUER, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 07-CV-2270-JM-AJB<br><br>[Assigned to the Honorable Jeffrey T. Miller]<br><br>**DEFENDANT EDDIE BAUER, INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>[Declaration Of Kalia C. Petmecky Filed Concurrently Herewith]<br><br>Date:      January 18, 2008<br>Time:      1:30 p.m.<br>Courtroom: 16<br><br>Date Action Filed:    Sept. 20, 2007<br>Date Action Removed:  Dec. 3, 2007 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 11, 2007, at 1:30 p.m. in the Courtroom of the Honorable Jeffrey T. Miller (Courtroom 16) located at 880 Front Street, Room 4290, San Diego, California 92101, Defendant Eddie Bauer, Inc. ("Eddie Bauer") will, and hereby does, move the Court to dismiss with prejudice (1) the First Cause of Action for alleged violations of California Labor Code § 221, and (2) Fourth Causes of Action for alleged violations of California Business and Professions Code § 17200, in Plaintiff Kristal D. Scherer's Complaint.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Eddie Bauer moves to dismiss Plaintiff's claims on the grounds that Plaintiff has failed to state a claim upon which relief can be granted pursuant to California Labor Code Section 221 and California Business and Professions Code Section 17200.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers and pleadings in the Court's file, any other matter of which the Court may take judicial notice, and upon such oral argument as may be presented to the Court at the time of the hearing on this matter.

Dated: December 10, 2007        AKIN GUMP STRAUSS HAUER & FELD LLP

                                By _____
                                   Kalia C. Petmecky
                                   Attorneys for Defendant
                                   EDDIE BAUER, INC.

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. PLAINTIFF'S ALLEGATIONS ............................................................................ 1

III. ARGUMENT .......................................................................................................... 2

    A. Applicable Legal Standard ......................................................................... 3

    B. Plaintiff's Section 221 Claim Fails Because (1) Plaintiff's Expectation of Supplementary Payments under the Plan, and (2) The Plan Does Not Promise A Specified Payment Based Upon Plaintiff's Individual Sales ......................................................... 4

    C. Plaintiff Lacks Standing to Seek Relief for Non-Management Employees Who Were Eligible For Supplemental Compensation Under Defendant's Store Team Performance Plan Because she was Never a Member of that Purported Class .............................................. 9

    D. Plaintiff's Claim Under California Business And Professions Code Section 17200 Predicated On The Alleged Violation of Section 221 Fails As A Matter of Law ........................................................................ 10

IV. CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alaska Elec. Pension Fund v. Adecco S.A.*,
    371 F. Supp. 2d 1203 (S.D. Cal. 2005) .......................................................... 4

*Blackwell v. SkyWest Airlines, Inc.*,
    245 F.R.D. 453 (S.D. Cal. 2007) .................................................................... 9

*Cahill v. Liberty Mutual Ins. Co.*
    80 F.3d 336 (9th Cir. 1996) ............................................................................ 3

*Gompper v. VISX Inc.*,
    298 F.3d 893 (9th Cir. 2002) .......................................................................... 4

*Hudgins v. Nieman Marcus Group, Inc.*
    34 Cal. App. 4th 1109 (1995) ......................................................................... 8

*In re Silicon Graphics Inc. Sec. Litig.*,
    183 F.3d 970 (9th Cir. 1999) .......................................................................... 4

*Kahle v. Gonzales*,
    487 F.3d 697 (9th Cir. 2007) .......................................................................... 4

*Kerr's Catering Service. v. Dept. of Industrial Relations*,
    57 Cal.2d 319 (1962) ..................................................................................... 8

*Knievel v. ESPN*
    393 F.3d 1068 (9th Cir. 2005) .................................................................... 2, 4

*La Mar v. H & B Novelty & Loan Co.*,
    489 F.2d 461 (9th Cir. 1973) .......................................................................... 9

*Plevy v. Haggerty*,
    38 F.Supp. 2d 816 (C.D. Cal. 1998) ............................................................... 4

*Western Mining v. Watt*,
    643 F.2d 618 (9th Cir. 1981) .......................................................................... 4

## STATE CASES

*Parker v. Bowron*,
   40 Cal. 2d 344 (1953) .................................................................................. 9

*Payne v. United California Bank*,
   23 Cal. App. 3d 850 (1972) .......................................................................... 9

*Prachasaisordej v. Ralphs Grocery Co., Inc.*,
   42 Cal. 4th 217 (2007) ............................................................................. 1, 5

*Quillian v. Lion Oil Co.*,
   96 Cal. App. 3d 156 (1979) .......................................................................... 8

*Violante v. Communities Southwest Development and Const. Co.*,,
   138 Cal. App. 4th 972 (2006) ..................................................................... 10

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Eddie Bauer, Inc. ("Eddie Bauer") hereby moves to dismiss with prejudice the First Cause of Action for alleged violations of California Labor Code § 221, and Fourth Causes of Action for alleged violations of California Business and Professions Code § 17200, in Plaintiff Kristal D. Scherer's Complaint ("Complaint").

### I. INTRODUCTION

Plaintiff's Complaint asserting violations of Labor Code §221 based on the operation of certain employee incentive bonus plans (the Management Incentive Plan and the Team Incentive Plan), must be dismissed for failure to state a cause of action recognized by law. As the California Supreme Court recently held in *Prachasaisordej v. Ralphs Grocery Co., Inc.*, 42 Cal.4th 217 (2007), supplemental compensation based on an employee bonus incentive plan in which a "stated and expected wage was subject to an unanticipated contribution, deduction, withholding, and/or reimbursement to the employer for expenses beyond the employee's control" does *not* violate Section 221 under the circumstances alleged herein.

In addition Plaintiff's claims concerning the so-called Team Incentive Plan must be dismissed for a separate and independent reason. Plaintiff, who worked for Defendant only as a store manager, lacks standing to challenge Defendant's Team Incentive Bonus Plan, because she fails to assert that such plan was ever or will ever be applied to her or that she was damaged in any way by such plan. Plaintiff's pleadings asserting that she may represent a putative class of which she was never a member, are therefore fatally insufficient as a matter of law and must be dismissed.

Moreover, Plaintiff's Section 17200 claim must also fail as it is entirely predicated on an alleged violation of Section 221.

### II. PLAINTIFF'S ALLEGATIONS

For purposes of this Motion to dismiss only, Defendant relies on the following allegations in Plaintiff's Complaint:

1. Defendant Eddie Bauer owns and operates a chain of retail clothing stores throughout the United States, including stores in California. (Complaint, ¶ 6.) Defendant also sells retail clothing through its mail order catalog. (Complaint, ¶¶ 6, 11.)

2. Plaintiff is a former full-time employee of Defendant, who worked for Defendant from October 31, 2005 until June 2007, at a retail store in San Diego County. (Complaint, ¶¶ 6, 20.)

3. Defendant adopted, implemented and enforced certain incentive plans which provided store level employees with supplementary compensation over and above the employees' stated hourly wages. (Complaint, ¶ 9.) *See also* SOP Incentive Programs (attached as Exhibit B to Diane Kovac's Declaration in Support of Defendant's previously filed Notice of Removal and also, for convenience, as Exhibit A to Kalia Petmecky's Declaration in Support of this Motion) (collectively the "Incentive Plans").[1] As evidenced by the plain language of the written plan document, the "Store Management Incentive Program" applies to certain management employees, including store managers. The referenced document also sets forth a second incentive program, the "Store Team Incentive Program" that applies exclusively to non-management employees. (Complaint, ¶ 9, Exhibit A.) Both Incentive Programs were in place during Plaintiff's employment with Defendant. (Complaint, ¶ 9.)

4. Under the Store Management Incentive Plan, Scherer was eligible to receive an incentive bonus (in addition to her hourly wages) if, among other things, the monthly "dollar value of sales generated" at her particular store exceeded a pre-set and

---

[1] This Court may consider the "SOP Incentive Programs" document, setting forth both the "Store Management Incentive Plan" and the "Store Team Incentive Plan" without converting Defendant's Motion to Dismiss into a Motion for Summary Judgment because Plaintiff's Complaint expressly puts the contents of this document at issue (Complaint, ¶ 9). *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (court did not err when it "deviate[d] from the general rule that courts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint" under the incorporation by reference doctrine); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (holding "that it was proper to consider the SEC filings under the incorporation by reference doctrine").

fluctuating monthly sales goal for that store. This pre-set amount, which fluctuated from month to month and from store to store, was referred to as "Plan" under the Incentive Programs. (Complaint, ¶ 9; Exhibit A.)

5. Store managers, such as Plaintiff, received a $500 incentive in a month when their stores achieved a pre-set targeted sales and hours performance level. *Id.* at A-1, 2. Under the Management Incentive Program, managers also had an opportunity to receive additional bonus payments where Plan was exceeded by certain incremental amounts. *Id.*

6. Non-management employees at Defendant's stores were eligible, under the Store Team Incentive Program, for pre-set increases to their hourly rate when sales reached pre-set targeted goals ("Plan") within their store. (Exhibit A-1.) Under the Store Team Incentive Program, non-management employees also had an opportunity to receive additional bonus payments in the form of incremental hourly wage increases, where Plan was exceeded by certain incremental amounts up to a pre-determined cap. (Exhibit A-1.)

7. For purposes of determining whether a store met Plan requirements, Defendant measured collective sales in the store on a monthly basis. (Exhibit A-1,2.)

8. According to the Complaint, "sales" under the Incentive Programs were calculated to be net of any customer catalog merchandise returns to the store. (Complaint, ¶ 11.)

9. No where in Plaintiff's Complaint does she allege that she ever worked for Defendant in a non-management capacity or that she, at any time, was covered by or suffered damages under the non-management Store Team Incentive Program. (Complaint).

### III. ARGUMENT

#### A. Applicable Legal Standard.

When reviewing a complaint under a Rule 12(b)(6) motion to dismiss, courts accept as true all material allegations in the complaint. *Cahill v. Liberty Mutual Ins.*

*Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, a court "need not accept unreasonable inferences, unwarranted deductions of fact, or conclusory allegations cast in the form of factual allegations." *Western Mining v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Where the Complaint expressly puts a written document at issue, it is proper for the Court to treat such document as incorporated by reference, even if Plaintiff fails to attach such document. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (applying the incorporation by reference doctrine to Complaint); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (holding "that it was proper to consider the SEC filings under the incorporation by reference doctrine"). When it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," a court should dismiss the claims. *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820 (C.D. Cal. 1998); *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002) (leave to amend need not be granted if to do so would be a "futile" exercise) (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)); *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007) (affirming motion to dismiss); *Alaska Elec. Pension Fund v. Adecco S.A.*, 371 F. Supp. 2d 1203, 1209-10 (S.D. Cal. 2005) (motion to dismiss granted).

> **B.  Plaintiff's Section 221 Claim Fails Because (1) Plaintiff's Expectations of any Incentive Pay Derived Exclusively Under the Plan, and (2) The Plan Does Not Promise A Specified Payment Based upon Plaintiff's Individual Sales.**
>
> **1.  Plaintiff Concedes that Her Expectations of Supplementary Payments Under the Store Management Incentive Plan Derived Exclusively from the Terms of The Incentive Plan Itself.**

Labor Code Section 221, provides that, except for deductions expressly authorized by state or federal law, an employer may not "collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Cal. Labor Code §221. The California Supreme Court has recently explained that an

employee's "wages" for this purpose "are the amount the employer *has offered or promised to pay, or has paid pursuant to such an offer or promise,* as compensation for that employee's labor." *Prachasaisordej v. Ralphs Grocery Co., Inc.*, 42 Cal. 4th 217, 228 (2007) (emphasis in original). "The employer takes a 'deduction' or 'contribution' from the employee's 'wages' or 'earnings' when it subtracts, withholds, sets off, or requires the employee to return, a portion of the *compensation* offered, promised, or paid as offered or promised, so that the employee, having performed the labor, actually receives or retains less than the *paid, offered or promised compensation,* and effectively makes a forced 'contribution' of the difference." *Id.* (emphasis in original). The Supreme Court explained that "[b]y its inherent nature, [an incentive] plan does not promise, or even create, incentive compensation unless and until" the terms of the plan are met. *Ralphs Grocery*, 42 Cal. 4th at 238 n.11. The California Supreme Court held that Ralph's incentive plan in which a "stated and expected wage was subject to an unanticipated contribution, deduction, withholding, and/or reimbursement to the employer for expenses beyond the employee's control" did not violate Section 221. *Id., at* 224, 227.

In *Ralphs*, employees of defendant Ralphs grocery stores were eligible for supplementary compensation, in addition to their regular wages, if actual profits at their own store exceeded preset profitability targets. *Id.* at 222. "For both target and actual purposes, profits were determined by subtracting store operating expenses from store revenues." *Id.* In calculating a store's profits, the employer, Ralphs, subtracted ordinary business expenses such as cash and merchandise losses, workers' compensation costs at that store, as well as overhead costs. *Id.* at 223-24. By the incentive plan's own terms, only if the store was profitable based on the employer's predetermined formula, would employees be entitled to supplemental compensation under the incentive plan. *Id.* at 229.

In *Ralph's*, like here, the plaintiff was paid in full the compensation offered and promised for the actual labor performed by him. *Id.* at 228. The Supreme Court found

that the compensation offered and promised for the actual labor performed by the plaintiff was the only agreed upon and guaranteed "wage" the plaintiff was individually entitled for the hours he worked, and that his "wage" "did not vary with the store's financial fortunes, and from which no unauthorized amounts were deducted, withheld, set off, or otherwise received or collected back by the employer." *Id.* There were no unlawful deductions from the plaintiff's promised wage. *Id.* As the Supreme Court explained:

> employees suffered neither a prohibited recapture of compensation already offered, promised, or paid, nor an uncertain or unanticipated deduction from expected wages. And because they attained no interest or entitlement in any supplementary compensation other than that finally calculated under the Plan, they made no forced "contribution," direct or indirect, from their own resources to reimburse Ralphs for costs the law requires the employer to bear alone.

*Id.*

The Court emphasized that Ralphs's "[e]mployees' expectations with respect to [the] supplementary payments – i.e., what Ralphs offered or promised to pay – derived exclusively from the terms of the Plan itself." *Id.*, at 229. The individual store employee's entitlement to an incentive compensation payment, and the amount of such payment, dependent on "(1) whether the store's overall operations for the period had been profitable, as the Plan defined profitability, and (2) how any such profit compared to goals or targets previously set by the store." *Id.* The Court further explained that, by the Plan's own terms, "it was *only after the* store had completed the relevant period of operation, and the resulting profit or loss figure was then derived, that it was possible to determine, by a further comparison to the present targets, whether Plan participants were entitled to a supplementary incentive compensation payment, and if so, how much. This final figure, and this figure only, once calculated, was the amount offered or promised as compensation for labor performed by eligible employees, and *it thus represented their supplemental 'wages' or 'earnings.'*" *Id.* (emphasis is original).

The Supreme Court's rational in *Ralphs* is dispositive here and mandates a dismissal of Plaintiff's Section 221 claim. Plaintiff Scherer fails to allege, because she

cannot, that a "supplemental wage, gross or not, was ever promised except a wage based and calculated, in the first instance, on the store's Plan-defined profit, if any." *Ralphs Grocery*, 42 Cal. 4th at 238 n.11; *see generally* Complaint. Indeed, Plaintiff concedes that she was only entitled to supplemental "wages" under the Incentive Plans, if her store met certain preset criteria as expressed in the written program document. (Complaint, ¶ 9; Exhibit A, SOP Incentive Programs at A-1, 2). According to the Complaint, Defendant's employees were eligible to receive supplemental compensation (in addition to their guaranteed wages) if the monthly "dollar value of sales generated at each" store location exceeded the Plan amount set by Defendant. (Complaint, ¶ 9). Like under *Ralphs*, however, Defendant has a right to determine the terms of its own supplemental incentive bonus program, including deciding whether, as alleged in the Complaint, sales generated under the program were calculated as net of catalog returns. (Complaint, ¶ 11).

Like the incentive compensation plan at issue in *Ralphs,* the supplemental compensation under Eddie Bauer's Incentive Plans was not guaranteed and was only deemed payable if the pre-set criteria were met. *Id.* at A-1, 2. Eddie Bauer's management employees would be entitled to supplemental compensation *only if* that employee's store qualified under the terms of the Incentive Plans. *Id.;* Complaint, at ¶¶ 9,10. Accordingly, like the employees in *Ralphs*, Defendant's employees attained no interest or entitlement in any supplementary compensation other than that finally calculated under the terms of any applicable incentive program.

Significantly, Plaintiff does not allege, because she cannot, that she was denied her guaranteed hourly wage, regardless of store sales, performance and profitability. *See generally* Complaint. Like the plaintiff in *Ralphs*, Plaintiff Scherer's hourly wage was the only promised and expected compensation for the labor she performed. Plaintiff fails to allege, because she cannot, that any unlawful deductions were made to her guaranteed hourly wage. *Ralphs Grocery*, 42 Cal. 4th at 223. Without such an allegation, Plaintiff's Section 221 claim fails as a matter of law.

## 2. Eddie Bauer's Incentive Plan Does Not Offer or Promise a Specified Bonus or Commission that Was Based upon Plaintiff's Individual Sales or Managerial Efforts.

In reaching its decision, the Court in *Ralphs* focused particular attention on the fact that Ralphs employees did not earn supplemental compensation based solely on their *individual* sales efforts. *Id.* at 236.[2] Rather, the supplemental payments rewarded employees for the work performed by the collective efforts of all employees in the store. *Id.* "To encourage and reward [employee] participation, the Plan offered them, over and above their regular wages, a proportionate stake in the successful result." *Id.* An incentive plan "designed to reward employees beyond their normal pay for their collective contribution to store profits" did not violate section 221. *Id.* at 244. Because the supplemental incentive compensation was not individual in nature, it was not a "commission." *Id.* at 236.

Here, Plaintiff also fails to allege that she was "offered or promised a specified bonus or commission that was based upon and immediately measurable by . . . her individual sales or managerial efforts, but was then subject to deductions to cover employer costs." *Ralphs Grocery*, 42 Cal. 4th at 236; *see generally* Complaint. That is because no such offer or promise was made. *See* Exhibit A-1, 2. Eddie Bauer's incentive compensation was based on *total* store earnings arising from the collective efforts of all store employees, and not based on Plaintiff's individual efforts. As the Court stated in *Ralphs*, an incentive plan "designed to reward employees beyond their normal pay for their collective contribution to store profits" does not violate section

---

[2] The Supreme Court in *Ralphs* expressly distinguished prior case law (*e.g., Kerr's Catering Service v. Dept. of Industrial Relations*, 57 Cal.2d 319 (1962), *Quillian v. Lion Oil Co.*, 96 Cal. App. 3d 156 (1979) *and Hudgins v. Nieman Marcus Group, Inc.*, 34 Cal. App. 4th 1109 (1995)) pertaining to individual-based sales commissions because in those prior cases the employees were "offered or promised a specified bonus or commission that was based upon, and immediately measurable by, his or her individual sales or managerial efforts, but was then subject to deductions to cover employer costs." *Ralphs Groceries,* at 236.

221. *Ralphs Grocery*, 42 Cal. 4th at 244. Thus, based on the facts alleged in the Complaint, Plaintiff's Section 221 claim fails as a matter of law.

### C. Plaintiff Lacks Standing To Seek Relief For *Non-Management* Employees Who Were Eligible For Supplemental Compensation Under Defendant's Store *Team* Performance Plan Because she was Never a Member of that Purported Class.

It is black-letter law that a plaintiff "cannot give himself standing to sue by purporting to represent a class of which he is not a member." *Parker v. Bowron*, 40 Cal.2d 344, 353 (1953); *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 462 (9th Cir. 1973) (plaintiff "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action"); *Payne v. United California Bank*, 23 Cal. App.3d 850, 859-60 (1972) ("Plaintiffs cannot give themselves standing to sue by purporting to represent a class of which they are not a member."); *Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007) (where plaintiff lacked standing to raise claim for unlawful wage statement, she could not represent class of employees who did have standing).

Here, Plaintiff Scherer fails to assert that the Team Incentive Plan was ever applied to her personally or that she ever worked for Defendant in a non-management capacity. (Complaint generally and ¶20). The Team Incentive Plan provided potential supplemental compensation *only* for non-management employees; managerial employees were part of a separate plan. (Exhibit A). Plaintiff fails to allege, because she cannot, that she suffered damages related to any allegedly improper application of the Team Incentive Plan, or is likely to suffer damages, as a result of any violation of law with regard to the Team Incentive Plan. Under these circumstances, Plaintiff lacks standing, as a matter of law, to assert any claims on behalf of non-management employees under the Team Incentive Plan.

### D. Plaintiff's Claim Under California Business And Professions Code Section 17200 Predicated On The Alleged Violation Of Section 221 Fails As A Matter Of Law.

"In the absence of a valid claim for violation of the prevailing wages law, plaintiffs also cannot successfully allege unfair business practices or unfair competition under the Business and Professions Code." *Violante v. Communities Southwest Development and Const. Co.*, 138 Cal.App.4th 972, 980 (2006). Here, as described above, Plaintiff's Section 221 claim fails as a matter of law. *See* Section III(B) and (C), *supra*. Without a valid Section 221 claim upon which Plaintiff's 17200 is predicated, Plaintiff's Section 17200 claim must also fail.

## IV. CONCLUSION

As explained above, Plaintiff's First Causes of Action for an alleged violation of Labor Code Section 221 arising out of the purported unlawful collection or receipt of wages paid to Plaintiff pursuant to Eddie Bauer's Incentive Plan, and Fourth Cause of Action for alleged violations of Business and Professions Code § 17200, fail to state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss should be granted.

Dated: December 10, 2007                    **AKIN GUMP STRAUSS HAUER & FELD LLP**

By _____
Kalia C. Petmecky
Attorneys for Defendant
EDDIE BAUER, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On December 10, 2007, I electronically filed the foregoing **DEFENDANT EDDIE BAUER, INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Sheldon A. Ostroff, APC         sostrofflaw@aol.com

and I hereby certify that I have mailed by the United States Postal Service a *courtesy* copy of the same to the following non-ECF participants(s):

| | |
|---|---|
| Sheldon A. Ostroff, APC<br>Law Offices of Sheldon A. Ostroff<br>1441 State Street<br>San Diego, California 92101<br>Telephone:   619.544.0881<br><br>*Attorneys for Kristal D. Scherer* | James C. Kostas, APC<br>David Huffman, APC<br>Huffman & Kostas<br>A Partnership of Professional Corporations<br>1441 State Street<br>San Diego, California 92101<br>Telephone:   619.544.0880<br><br>*Attorneys for Kristal D. Scherer* |

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 10, 2007 at Los Angeles, California.

Irma Edwards                                             *Irma Edwards*
[Print Name of Person Executing Proof]         [Signature]