1  LAW OFFICES OF SHELDON A. OSTROFF
   Sheldon A. Ostroff, APC (State Bar #108510)
2  1441 State Street
   San Diego, California 92101
3  (619) 544-0881

4  HUFFMAN & KOSTAS
   A Partnership of Professional Corporations
5  James C. Kostas, APC (State Bar # 115948)
   David Huffman, APC (State Bar # 69026)
6  1441 State Street
   San Diego, California 92101
7  (619) 544-0880

8  Attorneys for Plaintiffs

9

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTAL D. SCHERER, an individual, on behalf of herself individually, all others similarly situated, and on behalf of the general public; | CASE NO.  07-CV-2270-JM-AJB |
| | [Assigned to The Honorable Jeffrey T. Miller] |
| Plaintiff, | FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES, CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS  PRACTICES |
| v. | |
| EDDIE BAUER, INC., a Delaware corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | Date Action Filed:       September 20, 2007 |
| | Date Action Removed: December 3, 2007 |

Plaintiffs Kristal D. Scherer, an individual, and Christina Ochoco, an individual, on behalf of themselves individually, all others similarly situated, and on behalf of the general public, hereby complain and allege on information and belief as follows:

## PARTIES

1.    Plaintiff, Kristal D. Scherer ("SCHERER"), is an individual domiciled in the State of California, County of San Diego.

2.    Plaintiff, Christina Ochoco ("OCHOCO"), is an individual domiciled in the State of California, County of San Diego.

3.    This action is filed on behalf of Plaintiffs SCHERER and OCHOCO, individually, on behalf

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES,
CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS  PRACTICES

1    of the general public, and on behalf of all members of the class defined in paragraph 29 below under the

2    provisions of California Code of Civil Procedure Section 382, which provides, *inter alia*, that a class action

3    may be brought when the question is one of common interest to many persons, or when the number of

4    persons is numerous and it is impracticable to bring them all before the court. This action is properly filed

5    and maintained as a class action for the reasons set forth below.

6       4.     Defendant Eddie Bauer, Inc. ("EDDIE BAUER") is a corporation organized and existing

7    pursuant to the laws of the State of Delaware and does business throughout the State of California,

8    including San Diego County.

9       5.     DOES 1 to 50, are and at all relevant times hereto were, corporations and/or business entities

10    organized and existing under the laws of and/or qualified to do business in California. DOES 51 to 100 were

11    individuals who were the agents of and/or employees of the corporate/business entity defendants, and were

12    at all times herein mentioned acting within the course and scope of such agency and employment. EDDIE

13    BAUER is therefore liable for the wrongful acts and omissions of each other defendant.

14       6.     Plaintiffs do not know the true names of defendant DOES 1 through 100, and therefore sues

15    them by those fictitious names. Plaintiffs are informed and believe, and on the basis of that information and

16    belief allege, that each of those defendants was in some manner responsible for the events and happenings

17    alleged in this complaint and for the injuries and damages of Plaintiffs SCHERER and OCHOCO, all others

18    similarly situated and the general public.

19                              **GENERAL ALLEGATIONS**

20       7.     EDDIE BAUER owns and operates a chain of retail men's and women's clothing stores

21    throughout the state of California, including the County of San Diego. EDDIE BAUER also sells its men's

22    and women's clothing through its mail order catalogue.

23       8.     At all times relevant hereto, EDDIE BAUER had in effect a written Personal Holidays Policy

24    whereby EDDIE BAUER's full-time employees, as part of their compensation, were provided up to 32 hours

25    of paid "personal holidays" and EDDIE BAUER's part-time employees, as part of their compensation, were

26    provided up to 16 hours of paid "personal holidays" to be used for any reason such as vacation, personal

27    business, religious observances or ethnic holidays.

28       9.     At all times relevant hereto, EDDIE BAUER adopted, implemented and enforced a written

CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES,
CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS PRACTICES

1  Personal Holidays policy which required its employees to forfeit vested personal holidays which were not

2  used by November 26 of the calendar year such personal holidays were earned.

3       10.    At all times relevant hereto, EDDIE BAUER adopted, implemented and enforced a written

4  Store Team Incentive Plan and Sales Incentive Program (collectively "Incentive Plan") pursuant to which

5  employees who work at EDDIE BAUER's California retail locations earned additional compensation in the

6  form of a specified increased hourly wage and/or commission to the extent that the annual dollar value of

7  sales generated at each store equaled or exceeded the amount set forth in the Incentive Plan.  According to

8  the express terms of the Incentive Plan, employee eligibility for incentive payments is exclusively based on

9  the performance of the retail store in which an employee works.  If a retail store meets or exceeds the

10  predetermined sales target each employee's compensation at such retail store will be increased for the

11  applicable period pursuant to a predetermined schedule.  Eligibility for incentive payments is only predicated

12  on individual store sales and not on the retail store's profitability and/or the performance of any other retail

13  store, division, district and/or EDDIE BAUER's catalogue business.

14       11.    At all times relevant hereto, the annual dollar value of sales generated at each of EDDIE

15  BAUER's retail locations equaled or exceeded the amount set forth in the Incentive Plan.

16       12.    At all times relevant hereto, EDDIE BAUER permitted its customers to return, and required

17  its retail outlets to accept, for cash refund, any and all EDDIE BAUER merchandise even if such

18  merchandise was purchased from its catalogue business or another EDDIE BAUER retail store.  The total

19  dollar value of such returned merchandise was deducted from the total sales of the retail store that was

20  compelled to provide such refund and as a result of such policy the annual dollar value of sales generated

21  at each of EDDIE BAUER's retail store was reduced and prevented the retail store locations from meeting

22  the targets set forth in the Incentive Plan.

23       13.    As a result of EDDIE BAUER's policy of reducing the dollar value of sales generated at each

24  retail store by the dollar value of purchases that were returned to stores other than the store at which such

25  item was purchased, EDDIE BAUER violated the express terms of the Incentive Plan and unlawfully denied

26  its California employees wages due in accordance with California law.

27       14.    At all times relevant hereto, EDDIE BAUER warranted and represented, expressly and/or

28  impliedly, that its written Personal Holidays policy and the administration of its Incentive Plan were in

3

CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES,
CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS PRACTICES

1  compliance with all applicable statutes, rules and/or ordinances.

2      15. At all times relevant hereto, SCHERER and OCHOCO justifiably relied on EDDIE

3  BAUER's express and/or implied warranties and representations that its written Personal Holidays policy

4  and its administration of the Incentive Plan were in compliance with all applicable statues, rules and/or

5  ordinances.

6      16. At all times relevant hereto, EDDIE BAUER knew, or should have known, that its written

7  Personal Holidays policy and the administration of its Incentive Plan were not compliant with all applicable

8  statutes, rules and/or ordinances which require the payment of all wages when due.

9      17. At all times relevant hereto, EDDIE BAUER concealed the illegality of its written Personal

10  Holidays policy and breach of its Incentive Plan which relate to the payment of all wages and/or benefits

11  when due from SCHERER, OCHOCO and all other similarly situated employees, past and present.

12      18. SCHERER and OCHOCO had no knowledge, constructive or actual, prior to on or about

13  July 6, 2007 that they had suffered any harm as a result of EDDIE BAUER's written Personal Holidays

14  policy and breach of its Incentive Plan or that such written Personal Holidays policy and breach of its

15  Incentive Plan were the unlawful cause of such harm.

16      19. The written Personal Holidays policy and merchandise return policy as it relates to the

17  Incentive Plan adopted, implemented and/or enforced by EDDIE BAUER are unlawful and violative of

18  California Labor Code Section 200, *et seq.* which requires, *inter alia*, EDDIE BAUER to pay its employees

19  all wages due to its employee. By virtue of EDDIE BAUER's unlawful written Personal Holidays policy

20  and breach of the Incentive Plan, EDDIE BAUER has withheld and is withholding wages owed to its

21  employees pursuant to these laws.

22      20. The statute of limitations on the claims asserted herein are equitably tolled as a result of

23  EDDIE BAUER's unlawful written Personal Holidays policy and breach of the Incentive Plan, EDDIE

24  BAUER's representations that its written Personal Holidays policy and the administration of its Incentive

25  Plan were lawful, EDDIE BAUER's concealment of the unlawful nature of its written Personal Holidays

26  policy and administration of its Incentive Plan, and/or SCHERER and OCHOCO's inability to discover the

27  harm suffered and its wrongful cause as a result of EDDIE BAUER's unlawful written Personal Holidays

28  policy and the administration of its Incentive Plan.

4

CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES,
CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS PRACTICES

## **SCHERER'S CLAIMS**

21.    SCHERER is a former employee of EDDIE BAUER and worked for EDDIE BAUER on a full-time basis from October 31, 2005 to in or about June 2007.

22.    At all times during the tenure of SCHERER's employment with EDDIE BAUER, SCHERER earned vested personal holidays pursuant to EDDIE BAUER's written Personal Holidays policy and commission pursuant to its written Incentive Plan.

23.    As a result of EDDIE BAUER's unlawful conduct as more particularly described herein SCHERER was not paid for all earned personal holidays, SCHERER was required to forfeit 16 hours of personal holidays, and was denied compensation in lieu thereof the value of which is approximately $403.84.

24.    As a result of EDDIE BAUER's unlawful conduct as more particularly described herein SCHERER was denied commissions earned pursuant to the Incentive Plan in the approximate amount of $5,000.00.

## **OCHOCO'S CLAIMS**

25.    OCHOCO is a former employee of EDDIE BAUER and worked for EDDIE BAUER on a full-time basis from in or about February 2007 to in or about October 2007.

26.    At all times during the tenure of OCHOCO's employment with EDDIE BAUER, OCHOCO earned vested personal holidays pursuant to EDDIE BAUER's written Personal Holidays policy and an increased hourly rate pursuant to its written Incentive Plan.

27.    As a result of EDDIE BAUER's unlawful conduct as more particularly described herein OCHOCO was not paid for all earned personal holidays, OCHOCO was required to forfeit 32 hours of personal holidays, and was denied compensation in lieu thereof the value of which is approximately $280.00.

28.    As a result of EDDIE BAUER's unlawful conduct as more particularly described herein OCHOCO was denied compensation in the form of an increased hourly rate earned pursuant to the Incentive Plan in the approximate amount of $820.00.

## **THE CLASS**

29.    The class in this case includes all similarly-situated former and current employees of EDDIE BAUER who are or were employed by EDDIE BAUER in California and who were not paid for personal holidays and/or were denied compensation in lieu thereof and/or were unlawfully denied wages <u>due them</u>

1  pursuant to EDDIE BAUER's Incentive Plan.

2      30.    The claims of the representative Plaintiffs are typical of the claims of the members of the

3  class.

4      31.    The representative Plaintiffs will fairly and adequately protect the interests of the class and

5  have retained counsel competent and experienced in class action litigation.

6      32.    The identification of the individual class members may be effectuated by reference to EDDIE

7  BAUER's records.  The total amount of wages forfeited or denied the class members by EDDIE BAUER

8  during the class period is also readily ascertainable from EDDIE BAUER's records.

9      33.    A class action is superior to other methods for the fair and efficient adjudication of this

10  controversy.  Since the practices EDDIE BAUER engaged in are common to all members of the class,

11  judicial economy is not served by multiple actions with duplicative and repetitive testimony.

12      34.    The class of persons for whose benefit this case is brought consists of thousands of

13  individuals whose claims, except as to amount of damages, are otherwise identical in that each class member

14  was injured in the same way as a result of EDDIE BAUER's common course of conduct. The amount of

15  uncompensated personal holidays forfeited by each class member and/or the amount of compensation in lieu

16  thereof denied each class member by EDDIE BAUER as well as the amount of compensation denied each

17  class member as a result of EDDIE BAUER's breach of the Incentive Plan can be calculated by reference

18  to EDDIE BAUER's records.  Therefore, the repetitive testimony of each class member at trial would be

19  impracticable, unnecessary, and an inefficient use of judicial resources.

20      35.    Although the common questions involved in this class action collectively involve a large sum

21  of money, it would be extremely difficult for an individual class member to economically maintain an

22  individual action on his or her own behalf alone because of the modest amounts at issue in a given

23  transaction.

24      36.    This class action is proper because of the numerosity of the individuals who have forfeited

25  vested personal holidays, were denied compensation in lieu thereof and/or were not compensated for

26  personal holidays and/or were denied compensation as a result of EDDIE BAUER's breach of the Incentive

27  Plan.  A multitude of individual actions would work a hardship on the court system and would be

28  impracticable to coordinate by any other means than a class action.

CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES,
CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS  PRACTICES

37.     Plaintiffs are not aware of any difficulties which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT)

38.     Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39.     At all times relevant hereto, EDDIE BAUER had in effect a uniform and company wide written employment policy whereby employees were eligible to earn additional compensation pursuant to the terms of its Incentive Plan.

40.     The written Incentive Plan which constituted a contract of employment between Plaintiffs and the putative class members on one hand and EDDIE BAUER on the other hand provided, among other things, that if the dollar value of the sales generated by a retail store met or exceeded a predetermined target the employees at that store would be entitled to additional compensation pursuant to a specified schedule.

41.     The Incentive Plan did not provide for any deductions and/or offsets to the computation of store sales, and in particular, did not provide for the deduction of the dollar value of items that were purchased at other stores or through EDDIE BAUER's catalogue business and returned to a different store.

42.     At all times relevant hereto, EDDIE BAUER had a uniform policy that permitted any item purchased at any store or through its catalogue business to be returned to any store, such retail store was required to accept such returned item, and the value of such returned item was deducted from the computation of the sales generated by that store in violation of the terms of its Incentive Plan.

43.     As a result of EDDIE BAUER's return policy and failure to attribute the dollar value of returned items to the originating retail store and/or catalogue business, the retail store that was required to accept such return was prevented from meeting its sales target and its employees were denied the additional wages provided by the Incentive Plan.

44.     Plaintiffs and the putative class members have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of their employment with EDDIE BAUER.

///

45.     As a result of EDDIE BAUER's return policy and breach of the Incentive Plan as alleged above, Plaintiffs and each of the putative class members have been denied the wages due them under the Incentive Plan in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA LABOR CODE SECTION 200, ET SEQ.)

46.     Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47.     EDDIE BAUER has violated and continues to violate California Labor Code section 201, which provides in pertinent part as follows:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

48.     EDDIE BAUER has violated and continues to violate California Labor Code section 202, which provides in pertinent part as follows:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

49.     EDDIE BAUER is liable for waiting time penalties pursuant to Labor Code section 203, which provides as follows:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, and 202, any wages of an employee who is discharged or who quits, the wages of such employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but such wages shall not continue for more than 30 days...Suit may be filed for such penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

50.     EDDIE BAUER has violated and continues to violate California Labor Code §204 which requires EDDIE BAUER to, *inter alia*, pay its employees for accrued and vested personal holidays taken in the calendar month in which each employee takes his or her accrued and vested personal holidays or, in any event, not later than the time specified in this section because such personal holidays, or some portion thereof, have been forfeited and such personal holidays can no longer be taken by its employees and such employees shall never receive any compensation for such forfeited personal holidays.

CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES, CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS PRACTICES

51.   California Labor Code section 218 gives employees the right to file suit directly in a court of law, rather than going through the Labor Commissioner, as follows:

> Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article.

52.   Plaintiffs are entitled to an award of attorneys' fees and costs in prosecuting this action pursuant to California Labor Code section 218.5, which provides in pertinent part as follows:

> In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

53.   EDDIE BAUER is liable for interest on all wages due and unpaid pursuant to Labor Code section 218.6 which provides as follows:

> In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2.

54.   EDDIE BAUER has violated and continues to violate California Labor Code section 221 which provides as follows:

> It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

55.   EDDIE BAUER has violated and continues to violate California Labor Code section 222 which provides as follows:

> It shall be unlawful in case of any wage agreement arrived at through collective bargaining, either wilfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon.

56.   California Labor Code section 227.3 which gives employees the right to be paid for vested personal holidays upon termination, provides in pertinent part as follows:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.

CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES, CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS PRACTICES

## THIRD CAUSE OF ACTION

### (CONVERSION)

57.   Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 56 of the Complaint as though fully set forth herein.

58.   EDDIE BAUER, through the implementation and enforcement of its Personal Holidays policy, requiring employees to annually forfeit all unused personal holidays and/or failing to compensate its employees for personal holidays taken, has converted to its own benefit and use wages of SCHERER, OCHOCO and each other member of the class. Furthermore, EDDIE BAUER, through the implementation and enforcement of its Incentive Plan, as more fully described hereinabove, has converted to its own benefit and use wages of SCHERER, OCHOCO and each other member of the class.

59.   The value of the wages converted by EDDIE BAUER is a specific sum as to SCHERER, OCHOCO and each other class member and the specific sum for SCHERER, OCHOCO and each other class member is capable of identification and quantification from an examination of the records maintained by EDDIE BAUER.

60.   EDDIE BAUER's knowing violations of the law and willful conversion of the wages of SCHERER, OCHOCO and the other members of the class for the profit of EDDIE BAUER was despicable conduct in that SCHERER, OCHOCO and other members of the class, as employees, reposed the highest trust and regard in EDDIE BAUER and its warranties and representations but notwithstanding such trust and regard, EDDIE BAUER subjected SCHERER, OCHOCO and the other members of the class to a cruel and unjust hardship in conscious disregard of the rights of SCHERER, OCHOCO and the other class members, so as to justify an award of exemplary and punitive damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (UNJUST ENRICHMENT)

61.   Plaintiffs reallege and hereby incorporate by reference the allegations contained in paragraphs 1 through 60 of this Complaint as though set forth fully herein.

62.   EDDIE BAUER will be unjustly enriched if it is allowed to retain the wages of SCHERER, OCHOCO and each other class member sums which were wrongfully retained by EDDIE BAUER as a result of enforcement of its Personal Holidays policy and the administration of its Incentive Plan.

CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES, CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS PRACTICES

63.   The Court should therefore order an accounting of such wrongfully retained and/or forfeited wages and disgorgement by EDDIE BAUER of the value of such wages.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.)

64.   Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65.   The conduct of EDDIE BAUER with respect to non-payment of accrued personal holidays and/or non-payment of wages as a result of the administration of its Incentive Plan, as more particularly described above, constitute unlawful, unfair and deceptive business practices within the meaning of California Business and Professions Code section 17200 prohibiting such practices pursuant to the facts set forth hereinabove.

66.   EDDIE BAUER's conduct is unlawful because 1) it failed to compensate its employees for personal holidays, 2) its written Personal Holidays policy and the adoption, implementation and enforcement thereof, violates common law and statutory law, including but not limited to California Labor Code section 200, et seq., and 3) its Incentive Plan and the adoption, implementation and enforcement thereof, violates the express terms of the Incentive Plan, common law and statutory law, including but not limited to California Labor Code section 200, et seq.

67.   EDDIE BAUER's conduct is deceptive because its written Personal Holidays policy and written Incentive Plan and adoption, implementation, and enforcement thereof, creates the deceptive impression that it is in compliance with all applicable laws and because EDDIE BAUER deceptively refused to disclose and concealed the illegality of its conduct.

68.   EDDIE BAUER's conduct  is unfair because it unfairly forces employees to forfeit vested personal holidays and denies them compensation in lieu thereof and unfairly denies employees wages earned pursuant to its Incentive Plan.

69.   As a result of EDDIE BAUER's unlawful, unfair and deceptive business practices, members of the class and the general public have been denied payment of accrued personal holidays and wages earned pursuant to EDDIE BAUER's Incentive Plan. EDDIE BAUER is liable to make restitution for such non-payments including interest on the liquidated sum owing, waiting time penalties, and attorneys' fees and

costs as determined by the court.  Plaintiff also seeks an injunction enjoining EDDIE BAUER from continuing to commit unlawful, unfair and deceptive practices by failing to compensate its employees for accrued and vested personal holidays and wages due pursuant to EDDIE BAUER's Incentive Plan.  Plaintiff will amend the complaint at the time of trial to include additional employees who continue to be subjected to EDDIE BAUER's unfair business practices until such time as the practice has been enjoined. Further, Plaintiff reserves the right to supplement the restitution award after trial and until an injunction is issued to include additional persons who have been damaged by EDDIE BAUER's unfair business practices.

**WHEREFORE**, Plaintiffs request judgment be entered against Defendants, and each of them, as follows:

## ON THE FIRST CAUSE OF ACTION:

1.    For compensatory damages in an amount according to proof at time of trial;

2.    For interest at the legal rate of interest on the foregoing sum;

3.    For costs of suit herein incurred, including reasonable attorney's fees; and

4.    For such other and further relief as the Court deems just and proper.

## ON THE SECOND CAUSE OF ACTION:

1.    For all compensatory damages permitted under the applicable statutes;

2.    For all penalties available under the applicable statutes;

3.    For interest at the legal rate of interest on the foregoing sums;

4.    For an injunction prohibiting Defendants from engaging in such practices;

5.    For all other equitable relief available under the applicable statutes;

6.    For costs of suit herein incurred including reasonable attorneys' fees; and

7.    For such other and further relief as the Court deems just and proper.

## ON THE THIRD CAUSE OF ACTION:

1.    For restitution of the wages converted by Defendants as a result of the enforcement of Defendants' unlawful written Personal Holidays policy and Incentive Plan;

2.    For compensatory damages in an amount to be proven at trial;

3.    For interest at the legal rate of interest on the foregoing sum;

4.    For punitive damages in an amount to be proven at trial;

CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES,
CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS PRACTICES

5.  For costs of suit herein incurred, including reasonable attorneys' fees; and

6.  For such other and further relief as the Court deems just and proper.

## ON THE FOURTH CAUSE OF ACTION:

1.  For an accounting of wages that have been wrongfully forfeited as the result of Defendants' unlawful written Personal Holidays policy and Incentive Plan and the value thereof;

2.  For disgorgement by Defendants and restitution of the value of all wages unjustly retained by Defendants as a result of the Defendants' adoption, implementation and enforcement of its unlawful written Personal Holidays policy and Incentive Plan;

3.  For interest at the legal rate of interest on the foregoing sum;

4.  For costs of suit herein incurred, including reasonable attorneys' fees; and

5.  For such other and further relief as the Court deems just and proper.

## ON THE FIFTH CAUSE OF ACTION:

1.  For disgorgement by Defendants and restitution of the value of all wages unjustly retained by Defendants as a result of the enforcement of it written Personal Holidays policy and Incentive Plan;

2.  For interest at the legal rate of interest on the foregoing sum;

3.  For an injunction prohibiting Defendants from engaging in such practices;

4.  For costs of suit herein incurred, including reasonable attorneys' fees; and

5.  For such other and further relief as the Court deems just and proper.

DATED: 1/22/08

LAW OFFICES OF SHELDON A. OSTROFF

By: _____
Sheldon A. Ostroff, APC
Attorneys for Plaintiffs

DATED: 1-22-08

HUFFMAN & KOSTAS
A Partnership of Professional Corporations

By: _____
James C. Kostas, APC
Attorneys for Plaintiffs

13

CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES, CONVERSION, UNJUST ENRICHMENT AND UNFAIR BUSINESS PRACTICES