1   LAURA M. FRANZE (SBN 250316)
    **AKIN GUMP STRAUSS HAUER & FELD LLP**
2   1700 Pacific Avenue, Suite 4100
    Dallas, Texas 75201
3   Telephone:    214.969.2800
    Facsimile:    214.969.4343
4   E-mail:       lfranze@akingump.com

5   KALIA C. PETMECKY (SBN 194094)
    **AKIN GUMP STRAUSS HAUER & FELD LLP**
6   2029 Century Park East, Suite 2400
    Los Angeles, California 90067-3012
7   Telephone:    310-229-1000
    Facsimile:    310-229-1001
8   E-mail:       kpetmecky@akingump.com

9   Attorneys for Defendants
    EDDIE BAUER, INC.

10

11              UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14 KRISTAL D. SCHERER, an individual, on behalf of herself | Case No.  07-CV-2270-JM-AJB |
| 15 individually, all others similarly situated, and on behalf of the general | [Assigned to the Honorable Jeffrey T. Miller] |
| 16 pubic, | **DEFENDANT EDDIE BAUER, INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |
| 17             Plaintiffs, | |
| 18 v. | |
| 19 EDDIE BAUER, INC., a Delaware corporation; and DOES 1 through | [Declaration Of Kalia C. Petmecky Filed Concurrently Herewith] |
| 20 100, inclusive, | Date:        March 14, 2008 |
| 21             Defendants. | Time:        1:30 p.m. Courtroom:  16 |
| 22 | |
| 23 | Date Action Filed:      Sept. 20, 2007 |
| 24 | Date Action Removed:    Dec. 3, 2007 |
| 25 | |

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **March 14, 2008**, at 1:30 p.m. in the Courtroom of the Honorable Jeffrey T. Miller (Courtroom 16) located at 880 Front Street, Room 4290, San Diego, California 92101, Defendant Eddie Bauer, Inc. ("Eddie Bauer") will, and hereby does, move the Court to dismiss with prejudice (1) the first Cause of Action for breach of contract, (2) the Second Cause of Action for alleged violations of California Labor Code § 221, and (3) Fifth Cause of Action for alleged violations of California Business and Professions Code § 17200, in Plaintiffs Kristal D. Scherer's and Kristine Ochoco's Second Amended Complaint.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Eddie Bauer moves to dismiss Plaintiffs' claims on the grounds that Plaintiffs have failed to state claims upon which relief can be granted pursuant to California Labor Code Section 221 and California Business and Professions Code Section 17200, as well as Plaintiffs' common law breach of contract claim.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers and pleadings in the Court's file, any other matter of which the Court may take judicial notice, and upon such oral argument as may be presented to the Court at the time of the hearing on this matter.

Dated: February 11, 2008

s/Kalia C. Petmecky
Attorney for Defendants
E-mail: kpetmecky@akingump.com

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   PLAINTIFFS' ALLEGATIONS .........................................................................2

III.  ARGUMENT .........................................................................................................4

    A.  Applicable Legal Standard. ...........................................................................4

    B.  Plaintiffs' Section 221 Claim Fails Because (1) Plaintiffs' Expectations Of Any Incentive Pay Derived Exclusively Under the Plan, And (2) The Plan Does Not Promise A Specified Payment Based Upon Plaintiff's Individual Sales. ........5

        1.. Plaintiffs Concede That Their Expectations Of Supplementary Payments Under The Store Management Incentive Plan Derived Exclusively From The Terms Of The Incentive Plan Itself. .........................................................5

        2. ...... Eddie Bauer's Incentive Plan Does Not Offer Or Promise A Specified Bonus Or Commission That Was Based Upon Plaintiff's Individual Sales Or Managerial Efforts. ...................................................................................9

    C. .. Plaintiffs' Purported Breach of Contract Claim Fails Because Plaintiffs Fail to Allege a Breach. ..........................................................................................10

    D. ..... Both Plaintiffs Scherer And Ochoco Lack Standing To Seek Relief For *Non-Management* Employees Who Were Eligible For Personal Holiday Pay Under Defendant's Personal Holiday Policy Because Neither Was Ever A Member Of That Purported Class. ...................................................................................12

    E. ..........Plaintiffs' Claim Under California Business And Professions Code Section 17200 Predicated On The Alleged Violation Of Section  221 Fails As A Matter Of Law. ......................................................................................................14

IV.   CONCLUSION ....................................................................................................14

# TABLE OF CONTENTS

**Page**

## FEDERAL CASES

*Alaska Elec. Pension Fund v. Adecco S.A.,*
371 F. Supp. 2d 1203 (S.D. Cal. 2005)...........................................................................5

*Blackwell v. SkyWest Airlines, Inc.,*
245 F.R.D. 453 (S.D. Cal. 2007).....................................................................................12

*Cahill v. Liberty Mutual Ins. Co.,*
80 F.3d 336 (9th Cir. 1996).............................................................................................4

*Candy Co. v. Mackenzie Candy Co.,*
78 F. Supp. 1021 (N.D. Oh. 1948).................................................................................10

*Gompper v. VISX, Inc.,*
298 F.3d 893 (9th Cir. 2002)............................................................................................5

*In re Silicon Graphics Inc. Sec. Litig.,*
183 F.3d 970 (9th Cir. 1999)........................................................................................3, 4

*Kahle v. Gonzales,*
487 F.3d 697 (9th Cir. 2007)............................................................................................5

*Knievel v. ESPN,*
393 F.3d 1068 (9th Cir. 2005)..................................................................................3, 4, 13

*La Mar v. H & B Novelty & Loan Co.,*
489 F.2d 461 (9th Cir. 1973)..........................................................................................12

*Parrish v. National Football League Players Ass'n,*
2007 WL 2601385 (N.D. Cal. Sept. 6, 2007) (N.D. Cal. 2007) ....................................10

*Plevy v. Haggerty,*
38 F.Supp.2d 816 (C.D. Cal. 1998)..................................................................................5

*Servpo Indus., Inc. v. Schmidt,*
905 F. Supp. 475 (N.D. Ill 1995) ...................................................................................10

*Steckman v. Hart Brewing, Inc.,*
143 F.3d 1293 (9th Cir. 1998)..........................................................................................5

*United Elec., Radio & Mach. Workers of America (CIO)*
  *Local 735 v. Harris-Seybold Co.,*
  8 F.R.D. 422 (D.C. Ohio 1948)..................................................................10

*Western Mining v. Watt,*
  643 F.2d 618 (9th Cir. 1981)......................................................................4

## STATE CASES

*Bowden v. Robinson,*
  67 Cal. App. 3d 705 (1977).......................................................................11

*Byrne v. Harvey,*
  211 Cal. App.2d 92 (1962)........................................................................10

*Careau & Co. v. Security Pac. Bus. Credit, Inc.,*
  222 Cal. App.3d 1371 (1990)....................................................................11

*Clack v. State, Dep't of Public Works, Div. of Highways,*
  275 Cal. App.2d 743 (1969)......................................................................11

*Fairchild v. Park,*
  90 Cal. App.4th 919 (2001).......................................................................10

*Hudgins v. Nieman Marcus Group, Inc.,*
  34 Cal. App. 4th 1109 (1995)......................................................................9

*Kerr's Catering Service v. Dept. of Industrial Relations,*
  57 Cal.2d 319 (1962).................................................................................9

*Melican v. Regents of Univ. of Cal.,*
  151 Cal. App. 4th 168 (2007).....................................................................10

*Parker v. Bowron,*
  40 Cal.2d 344 (1953).................................................................................12

*Payne v. United California Bank,*
  23 Cal. App.3d 850 (1972).........................................................................12

*Prachasaisordej v. Ralphs Grocery Co., Inc.,*
  42 Cal.4th 217 (2007)..........................................................................passim

*Quillian v. Lion Oil Co.,*
  96 Cal. App. 3d 156 (1979)..........................................................................9

iii

*Twaite v. Allstate Ins. Co.,*
  216 Cal. App. 3d 239 (1989)......................................................................11

*Violante v. Communities Southwest Dev. and Const. Co.,*
  138 Cal. App.4th 972 (2006)...................................................................14

## STATUTES

California Business and Professions Code § 17200 ................................1, 2, 14

California Labor Code § 221........................................................................passim

## RULES AND REGULATIONS

Federal Rule of Civil Procedure 12(b)........................................................1, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Eddie Bauer, Inc. ("Eddie Bauer") hereby moves to dismiss with prejudice the First Cause of Action for alleged breach of contract, Second Cause of Action for alleged violations of California Labor Code § 221, and Fifth Cause of Action for alleged violations of California Business and Professions Code § 17200, in Plaintiff Kristal D. Scherer and Kristine Ochoco's Amended Complaint ("SAC").[1]

## I.    INTRODUCTION

Plaintiffs' second claim for alleged violations of Labor Code §221 based on the operation of certain employee incentive bonus plans (the Management Incentive Plan and the Team Incentive Plan), must be dismissed for failure to state a claim recognized by law.  As the California Supreme Court recently held in *Prachasaisordej v. Ralphs Grocery Co., Inc.*, 42 Cal.4th 217 (2007), supplemental compensation based on an employee bonus incentive plan in which a "stated and expected wage was subject to an unanticipated contribution, deduction, withholding, and/or reimbursement to the employer for expenses beyond the employee's control" does *not* violate Section 221 under the circumstances alleged herein.

Similarly, Plaintiff's first cause of action for breach of contract must fail as a matter of law because Plaintiffs fail to allege a requisite breach.  In a desperate attempt to avoid a dismissal mandated by the *Ralphs* decision, Plaintiffs seek to bootstrap the same flawed incentive pay argument to a purported breach of contract claim.  Plaintiffs, however, do not, because they cannot, show a breach of the purported contract.  Without a breach, Plaintiffs' contract claim must fail.  Moreover, Plaintiffs' Personal Holiday

---

[1] During the pendency of defendant Eddie Bauer's Motion to Dismiss Plaintiff's initial Complaint, Plaintiff amended her complaint.  Subsequently, and before the filing of this Motion, Plaintiffs sought leave to further amend their complaint.  Eddie Bauer's instant Motion to Dismiss assumes that the Court will grant Plaintiffs' unopposed pending Motion to Amend their First Amended Complaint.  Thus, Eddie Bauer's instant Motion to Dismiss challenges the allegations contained in Plaintiffs' Second Amended Complaint.

DEFENDANT EDDIE BAUER, INC.'S
NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS

pay claim purportedly brought on behalf of a non-management class of plaintiffs fails as a matter of law because neither of the named Plaintiffs was ever a member of the purported class they seek to represent. Plaintiff Ochoco, as a limited part-time employee, was never entitled to the benefits conferred to other non-management employees under the Personal Holiday Policy. Thus, she lacks standing to assert claims on behalf of others under the Personal Holiday Policy.

Also flawed is Plaintiff Scherer's attempt to represent a purported class of non-manager employees, because she was never a member of that group. Scherer has always been a store manager, and as such was subject to different Personal Holiday allocation rules than non-manager employees. Thus, Scherer lacks standing to assert claims on behalf of non-managers under the Personal Holiday Policy. Plaintiffs' Section 17200 claim must also fail as it is entirely predicated on an alleged violation of Section 221.

For all of the foregoing reasons, Plaintiffs' First, Second and Fifth Causes of action should be dismissed without any further leave to amend.

## II. PLAINTIFFS' ALLEGATIONS

For purposes of this Motion to dismiss only, Defendant relies on the following allegations in Plaintiffs' Amended Complaint:

1.    Defendant Eddie Bauer owns and operates a chain of retail clothing stores throughout the United States, including stores in California. (SAC, ¶ 7.) Defendant also sells retail clothing through its mail order catalog. (SAC, ¶¶ 7, 12.)

2.    Plaintiff Scherer is a former full-time employee of Defendant, who worked for Defendant from October 31, 2005 until June 2007, at a retail store in San Diego County. (SAC, ¶¶ 7, 21.) Plaintiff Ochoco is a former non-management full-time employee of Defendant, who worked for Defendant from February 2007 to October 2007 at a retail store in San Diego County. (SAC, ¶¶ 7, 25.)

3.    Defendant adopted, implemented and enforced certain incentive plans which provided store level employees with supplementary compensation over and above the employees' stated hourly wages. (SAC, ¶ 10.)  *See also* SOP Incentive Programs (attached as Exhibit B to Diane Kovac's Declaration in Support of Defendant's previously filed Notice of Removal and also, for convenience, as Exhibit A to Kalia Petmecky's Declaration in Support of this Motion ("Petmecky Decl.")) (collectively the "Incentive Plans").[2]  As evidenced by the plain language of the written plan document, the "Store Management Incentive Program" applies to certain management employees, including store managers.  The referenced document also sets forth a second incentive program, the "Store Team Incentive Program" that applies exclusively to non-management employees. (SAC, ¶ 10, Exhibit A.)  Both Incentive Programs were in place during Plaintiffs' employment with Defendant. (SAC, ¶ 10.)

4.    Under the Store Management Incentive Plan, Plaintiff Scherer was eligible to receive an incentive bonus (in addition to her hourly wages) if, among other things, the monthly "dollar value of sales generated" at her particular store exceeded a pre-set and fluctuating monthly sales goal for that store.  This pre-set amount, which fluctuated from month to month and from store to store, was referred to as "Plan" under the Incentive Programs. (SAC, ¶ 10; Exhibit A.)

5.    Store managers, such as Plaintiff Scherer, received a $500 incentive in a month when their stores achieved a pre-set targeted sales and hours performance level.

---

[2] This Court may consider the "SOP Incentive Programs" document, setting forth both the "Store Management Incentive Plan" and the "Store Team Incentive Plan" without converting Defendant's Motion to Dismiss into a Motion for Summary Judgment because Plaintiffs' Amended Complaint expressly puts the contents of this document at issue (SAC, ¶ 10).  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (court did not err when it "deviate[d] from the general rule that courts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint" under the incorporation by reference doctrine); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (holding "that it was proper to consider the SEC filings under the incorporation by reference doctrine").

1 *Id.* at A-1, 2. Under the Management Incentive Program, managers also had an

2 opportunity to receive additional bonus payments where Plan was exceeded by certain

3 incremental amounts. *Id.*

4     6.     Non-management employees at Defendant's stores, such as Plaintiff

5 Ochoco, were eligible under the Store Team Incentive Program for pre-set increases to

6 their hourly rate when sales reached pre-set targeted goals ("Plan") within their store.

7 (Exhibit A-1.) Under the Store Team Incentive Program, non-management employees

8 also had an opportunity to receive additional bonus payments in the form of incremental

9 hourly wage increases, where Plan was exceeded by certain incremental amounts up to a

10 pre-determined cap. (Exhibit A-1.)

11     7.     For purposes of determining whether a store met Plan requirements,

12 Defendant measured collective sales in the store on a monthly basis. (Exhibit A-1,2.)

13     8.     According to the Complaint, "sales" under the Incentive Programs were

14 calculated to be net of any customer catalog merchandise returns to the store, as well as

15 returns of merchandise to the store even if purchased from another Eddie Bauer retail

16 store. (SAC, ¶ 13.)

17 **III.   ARGUMENT**

18

19 **A.    Applicable Legal Standard.**

20     When reviewing a complaint under a Rule 12(b)(6) motion to dismiss, courts

21 accept as true all material allegations in the complaint. *Cahill v. Liberty Mutual Ins.*

22 *Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, a court "need not accept unreasonable

23 inferences, unwarranted deductions of fact, or conclusory allegations cast in the form of

24 factual allegations." *Western Mining v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Where

25 the Complaint expressly puts a written document at issue, it is proper for the Court to

26 treat such document as incorporated by reference, even if Plaintiff fails to attach such

27 document. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (applying the

28 incorporation by reference doctrine to Complaint); *In re Silicon Graphics Inc. Sec.*

DEFENDANT EDDIE BAUER, INC.'S
NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS

1  *Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (holding "that it was proper to consider the

2  SEC filings under the incorporation by reference doctrine"). When it appears that "the

3  plaintiff can prove no set of facts in support of his claim which would entitle him to

4  relief," a court should dismiss the claims. *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820

5  (C.D. Cal. 1998); *Gompper v. VISX, Inc.,* 298 F.3d 893, 897 (9th Cir. 2002) (leave to

6  amend need not be granted if to do so would be a "futile" exercise) (citing *Steckman v.*

7  *Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir. 1998)); *Kahle v. Gonzales*, 487 F.3d

8  697, 699 (9th Cir. 2007) (affirming motion to dismiss); *Alaska Elec. Pension Fund v.*

9  *Adecco S.A.*, 371 F. Supp. 2d 1203, 1209-10 (S.D. Cal. 2005) (motion to dismiss

10 granted).

11

12 **B.    Plaintiffs' Section 221 Claim Fails Because (1) Plaintiffs' Expectations Of**
**Any Incentive Pay Derived Exclusively Under the Plan, And (2) The Plan**
13 **Does Not Promise A Specified Payment Based Upon Plaintiff's Individual**
**Sales.**
14

15 **1.    Plaintiffs Concede That Their Expectations Of Supplementary**
**Payments Under The Store Management Incentive Plan Derived**
16 **Exclusively From The Terms Of The Incentive Plan Itself.**

17

18 Labor Code Section 221 provides that, except for deductions expressly authorized

19 by state or federal law, an employer may not "collect or receive from an employee any

20 part of wages theretofore paid by said employer to said employee." Cal. Labor Code

21 §221. The California Supreme Court has recently explained that an employee's

22 "wages" for this purpose "are the amount the employer *has offered or promised to pay,*

23 *or has paid pursuant to such an offer or promise,* as compensation for that employee's

24 labor." *Prachasaisordej v. Ralphs Grocery Co., Inc.*, 42 Cal. 4th 217, 228 (2007)

25 (emphasis in original). "The employer takes a 'deduction' or 'contribution' from the

26 employee's 'wages' or 'earnings' when it subtracts, withholds, sets off, or requires the

27 employee to return, a portion of the *compensation* offered, promised, or paid as offered

28

DEFENDANT EDDIE BAUER, INC.'S
NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS

1  or promised, so that the employee, having performed the labor, actually receives or

2  retains less than the *paid, offered or promised compensation,* and effectively makes a

3  forced 'contribution' of the difference." *Id.* (emphasis in original). The Supreme Court

4  explained that "[b]y its inherent nature, [an incentive] plan does not promise, or even

5  create, incentive compensation unless and until" the terms of the plan are met. *Ralphs*

6  *Grocery*, 42 Cal. 4th at 238 n.11. The California Supreme Court held that Ralph's

7  incentive plan, in which a "stated and expected wage was subject to an unanticipated

8  contribution, deduction, withholding, and/or reimbursement to the employer for

9  expenses beyond the employee's control," did not violate Section 221. *Id., at* 224, 227.

10  In *Ralphs*, employees of defendant Ralphs grocery stores were eligible for

11  supplementary compensation, in addition to their regular wages, if actual profits at their

12  own store exceeded preset profitability targets. *Id.* at 222. "For both target and actual

13  purposes, profits were determined by subtracting store operating expenses from store

14  revenues." *Id.* In calculating a store's profits, the employer, Ralphs, subtracted

15  ordinary business expenses such as cash and merchandise losses, workers'

16  compensation costs at that store, as well as overhead costs. *Id.* at 223-24. By the

17  incentive plan's own terms, only if the store was profitable based on the employer's

18  predetermined formula, would employees be entitled to supplemental compensation

19  under the incentive plan. *Id.* at 229.

20  In *Ralphs*, like here, the plaintiff was paid in full the compensation offered and

21  promised for the actual labor performed by him. *Id.* at 228. The Supreme Court found

22  that the compensation offered and promised for the actual labor performed by the

23  plaintiff was the only agreed upon and guaranteed "wage" the plaintiff was individually

24  entitled for the hours he worked, and that his "wage" "did not vary with the store's

25  financial fortunes, and from which no unauthorized amounts were deducted, withheld,

26  set off, or otherwise received or collected back by the employer." *Id.* There were no

27

28

1  unlawful deductions from the plaintiff's promised wage. *Id.* As the Supreme Court

2  explained:

> employees suffered neither a prohibited recapture of
> compensation already offered, promised, or paid, nor an
> uncertain or unanticipated deduction from expected wages.
> And because they attained no interest or entitlement in any
> supplementary compensation other than that finally calculated
> under the Plan, they made no forced "contribution," direct or
> indirect, from their own resources to reimburse Ralphs for
> costs the law requires the employer to bear alone.

8  *Id.*

9       The Court emphasized that Ralphs's "[e]mployees' expectations with respect to

10  [the] supplementary payments – i.e., what Ralphs offered or promised to pay – derived

11  exclusively from the terms of the Plan itself." *Id.,* at 229. The individual store

12  employee's entitlement to an incentive compensation payment, and the amount of such

13  payment, was dependent on "(1) whether the store's overall operations for the period

14  had been profitable, as the Plan defined profitability, and (2) how any such profit

15  compared to goals or targets previously set by the store." *Id.* The Court further

16  explained that, by the Plan's own terms, "it was *only after the* store had completed the

17  relevant period of operation, and the resulting profit or loss figure was then derived, that

18  it was possible to determine, by a further comparison to the present targets, whether

19  Plan participants were entitled to a supplementary incentive compensation payment, and

20  if so, how much. This final figure, and this figure only, once calculated, was the amount

21  offered or promised as compensation for labor performed by eligible employees, and *it*

22  *thus represented their supplemental 'wages' or 'earnings."* *Id.* (emphasis in original).

23       The Supreme Court's rational in *Ralphs* is dispositive here and mandates a

24  dismissal of Plaintiffs' Section 221 claim. Plaintiffs Scherer and Ochoco fail to allege,

25  because they cannot, that a "supplemental wage, gross or not, was ever promised except

26  a wage based and calculated, in the first instance, on the store's Plan-defined profit, if

27  any." *Ralphs Grocery*, 42 Cal. 4th at 238 n.11; *see generally* SAC. Indeed, Plaintiffs

28

DEFENDANT EDDIE BAUER, INC.'S
NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS

1  concede that they were only entitled to supplemental "wages" under the Incentive Plans,
2  if their stores met certain preset criteria as expressed in the written program document.
3  (SAC, ¶ 10; Exhibit A, SOP Incentive Programs at A-1, 2).  According to the Amended
4  Complaint, Defendant's employees were eligible to receive supplemental compensation
5  (in addition to their guaranteed wages) if the monthly "dollar value of sales generated at
6  each" store location exceeded the Plan amount set by Defendant.  (SAC, ¶ 10).  Like
7  under *Ralphs*, however, Defendant has a right to determine the terms of its own
8  supplemental incentive bonus program, including deciding whether, as alleged in the
9  Complaint, sales generated under the program were calculated as net of catalog returns
10 and returns of merchandise purchased from other Eddie Bauer retail stores.  (SAC, ¶
11 12).

12      Like the incentive compensation plan at issue in *Ralphs,* the supplemental
13 compensation under Eddie Bauer's Incentive Plans was not guaranteed and was only
14 deemed payable if the pre-set criteria were met.  (*Id.* at A-1, 2.)  Eddie Bauer's
15 employees would be entitled to supplemental compensation *only if* that employee's store
16 qualified under the terms of the Incentive Plans.  (*Id.*; SAC, ¶¶ 10, 12.)    Accordingly,
17 like the employees in *Ralphs*, Defendant's employees attained no interest or entitlement
18 in any supplementary compensation other than that finally calculated under the terms of
19 any applicable incentive program.

20      Significantly, Plaintiffs do not allege, because they cannot, that they were denied
21 their guaranteed hourly wage, regardless of store sales, performance and profitability.
22 *See generally* SAC.  Like the plaintiff in *Ralphs*, Plaintiffs Scherer's and Ochoco's
23 hourly wages were the only promised and expected compensation for the labor they
24 performed.  Plaintiffs fail to allege, because they cannot, that any unlawful deductions
25 were made to their guaranteed hourly wages.  *Ralphs Grocery*, 42 Cal. 4th at 223.
26 Without such an allegation, Plaintiffs' Section 221 claim fails as a matter of law.

27

28

DEFENDANT EDDIE BAUER, INC.'S
NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS

**2.    Eddie Bauer's Incentive Plan Does Not Offer Or Promise A Specified Bonus Or Commission That Was Based Upon Plaintiff's Individual Sales Or Managerial Efforts.**

In reaching its decision, the Court in *Ralphs* focused particular attention on the fact that Ralphs employees did not earn supplemental compensation based solely on their *individual* sales efforts. *Id.* at 236.[3] Rather, the supplemental payments rewarded employees for the work performed by the collective efforts of all employees in the store. *Id.* "To encourage and reward [employee] participation, the Plan offered them, over and above their regular wages, a proportionate stake in the successful result." *Id.* An incentive plan "designed to reward employees beyond their normal pay for their collective contribution to store profits" did not violate section 221. *Id.* at 244. Because the supplemental incentive compensation was not individual in nature, it was not a "commission." *Id.* at 236.

Here, Plaintiffs also fail to allege that they were "offered or promised a specified bonus or commission that was based upon and immediately measurable by her individual sales or managerial efforts, but was then subject to deductions to cover employer costs." *Ralphs Grocery*, 42 Cal. 4th at 236; *see generally* SAC. That is because no such offer or promise was made. *See* Exhibit A-1, 2. Eddie Bauer's incentive compensation was based on *total* store earnings arising from the collective efforts of all store employees, and not based on Plaintiff's individual efforts. As the Court stated in *Ralphs*, an incentive plan "designed to reward employees beyond their normal pay for their collective contribution to store profits" does not violate section 221. *Ralphs Grocery*, 42 Cal. 4th at 244. Thus, based on the facts alleged in the

---

[3] The Supreme Court in *Ralphs* expressly distinguished prior case law (*e.g.,* *Kerr's Catering Service v. Dept. of Industrial Relations*, 57 Cal.2d 319 (1962), *Quillian v. Lion Oil Co.*, 96 Cal. App. 3d 156 (1979) *and Hudgins v. Nieman Marcus Group, Inc.*, 34 Cal. App. 4th 1109 (1995)) pertaining to individual-based sales commissions because in those prior cases the employees were "offered or promised a specified bonus or commission that was based upon, and immediately measurable by, his or her individual sales or managerial efforts, but was then subject to deductions to cover employer costs." *Ralphs Grocery*, at 236.

1 Amended Complaint, Plaintiffs' Section 221 claim fails as a matter of law.

2

3 **C.    Plaintiffs' Purported Breach of Contract Claim Fails Because Plaintiffs Fail to Allege a Breach.**

4     In a desperate attempt to avoid a dismissal mandated by the *Ralphs* decision,

5 Plaintiffs amended their complaint to add a purported breach of contract claim.

6 Plaintiffs' novel contract claim, however, fails as a matter of law, because Plaintiffs fail

7 to allege a breach of the purported contract.

8     It is black letter law, that a breach of contract claim requires sufficient allegations

9 supporting (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by

10 the defendant, and (4) resulting damages. *Fairchild v. Park*, 90 Cal. App.4th 919, 934

11 (2001). Conclusory allegations of a breach are insufficient both in California and under

12 the liberal pleading standards of the Federal Rules. *See Byrne v. Harvey*, 211 Cal.

13 App.2d 92, 105 (1962); *Servpo Indus., Inc. v. Schmidt,* 905 F. Supp. 475, 479 (N.D. Ill

14 1995). A plaintiff must state facts underlying the breach. *Servpo,* 905 F. Supp. at 479;

15 *see also Melican v. Regents of Univ. of Cal.*, 151 Cal. App. 4th 168, 174 (2007) ("It is

16 well settled a pleader must state with certainty the facts constituting a breach of

17 contract."). Moreover, the complaint must identify the specific contract provision(s)

18 alleged to have been breached. *Parrish v. National Football League Players Ass'n*, No.

19 C 07-00943, 2007 WL 2601385, *12 (N.D. Cal. Sept. 6, 2007) (N.D. Cal. 2007)

20 (granting motion to dismiss because plaintiff "failed to plead what provision defendants

21 breached"); *United Elec., Radio & Mach. Workers of America (CIO) Local 735 v.*

22 *Harris-Seybold Co.*, 8 F.R.D. 422, 423-24 (D.C. Ohio 1948) ("[I]f it is alleged that less

23 than the entire contract has been breached, the specific portions allegedly breached

24 should be identified."); *see also Candy Co. v. Mackenzie Candy Co.,* 78 F. Supp. 1021

25 (N.D. Oh. 1948) (dismissing a complaint alleging that the defendant refused to pay the

26 price required by the contract, because it failed to allege that such refusal was a breach

27

28

6199922

10

07-CV-02270-JM-AJB

of the contract, because the conditions under which the defendant was required to pay might not yet have occurred).

Here, Plaintiffs claim that the purported contract was Eddie Bauer's "uniform and company wide written employment policy whereby employees were eligible to earn additional compensation pursuant to the terms of its Incentive Program." (SAC, ¶39. While Plaintiffs neither attach nor quote verbatim the alleged "contract,"[4] which mandates dismissal in and of itself, Plaintiffs admit that the incentive payment was contingent on meeting "a predetermined target," which is referenced in the Incentive Program as "Plan." (SAC, ¶¶ 10 and 40; Exhibit A.)  Plaintiffs further concede that Eddie Bauer had a "uniform policy that permitted any item purchased at any store or through its catalogue business to be returned to any store . . . and the value of such returned item was deducted from the computation of the sales generated by that store. . . " (SAC, ¶ 42.)[5]  Plaintiffs further claim that, by complying with its express and uniform policy to accept customer returns, Eddie Bauer somehow breached an *unidentified* provision of the Incentive Program.

Plaintiffs fail to identify, however, any provision of the Incentive Program which Plaintiffs claim was the contract that was allegedly breached because they simply cannot.  There is nothing in the Incentive Program that precludes returns from the calculation of the predetermined targets.  Notably, Plaintiffs do not claim that their

---

[4] When a breach of contract claim is based on a written instrument, the complaint must either set out the instrument *in haec verba,* incorporate an attached copy or plead the instrument according to its legal effect. *See Twaite v. Allstate Ins. Co.,* 216 Cal. App. 3d 239, 252 (1989); *Bowden v. Robinson,* 67 Cal. App. 3d 705, 718 (1977).

[5] It is well settled that where a fact is pleaded in general or conclusory terms, followed by an inconsistent specific allegation, the latter controls. *See Clack v. State, Dep't of Public Works, Div. of Highways,* 275 Cal. App.2d 743, 748 (1969); *Careau & Co. v. Security Pac. Bus. Credit, Inc.,* 222 Cal. App.3d 1371, 1389-1390 (1990) ("[G]eneral pleadings are controlled by specific allegations.... [¶] For example, where plaintiff alleges a permissible conclusion of law such as the due performance of a condition precedent but also avers specific additional facts which either do not support such conclusion, or are inconsistent therewith, such specific allegations will control 'and a complaint which might have been sufficient with general allegations alone may be rendered defective....").

store(s) actually met the predetermined targets and did not receive the supplemental compensation called for by the Incentive Program.  Instead, Plaintiffs speculate that Plaintiffs' store **would have met** the predetermined targets that would have entitled the Plaintiffs to additional compensation under the Incentive Programs, but for Eddie Bauer's compliance with its policy requiring that returns be taken into account in setting the predetermined targets.  Without any such specific allegations of breach, Plaintiffs' contract claim fails as a matter of law.

It is evident that what Plaintiffs are really complaining about is the manner in which Eddie Bauer calculates the "predetermined targets" that give rise to the incentive pay.  That is, however, an issue addressed squarely by the Supreme Court in *Ralphs* and discussed in detail above.  Thus, Plaintiffs' disguised attempt to get around the holding in *Ralphs* must fail.

**D.    Both Plaintiffs Scherer And Ochoco Lack Standing To Seek Relief For *Non-Management* Employees Who Were Eligible For Personal Holiday Pay Under Defendant's Personal Holiday Policy Because Neither Was Ever A Member Of That Purported Class.**

It is black-letter law that a plaintiff "cannot give himself standing to sue by purporting to represent a class of which he is not a member." *Parker v. Bowron*, 40 Cal.2d 344, 353 (1953); *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 462 (9th Cir. 1973) (plaintiff "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action"); *Payne v. United California Bank*, 23 Cal. App.3d 850, 859-60 (1972) ("Plaintiffs cannot give themselves standing to sue by purporting to represent a class of which they are not a member."); *Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007) (where plaintiff lacked standing to raise claim for unlawful wage statement, she could not represent class of employees who did have standing).

Here, both Plaintiffs Scherer and Ochoco lack standing to seek relief for non-management employees who were eligible for personal holiday pay under Eddie

DEFENDANT EDDIE BAUER, INC.'S
NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS

Bauer's Personal Holiday Policy. *First,* Plaintiff Ochoco fails to show that the Personal Holiday Policy ever applied to her personally. (SAC *generally*). Even though the Second Amended Complaint erroneously inadvertently states that Ochoco was a "full-time" employee, Eddie Bauer's records[6] show that Ochoco was a part-time *limited* associate, and as such not eligible for holiday pay. (*See* Exhs. B and C to Petmecky Decl. SOP Associate Classification and Salary Administration). Specifically, Eddie Bauer's Associate Classification Procedures state that, with some exceptions that are inapplicable here, "nonexempt new hires must be hired into the Part-Time Limited classification." (Exhs. B and C). According to Eddie Bauer's Procedures, Part-time *regular* associates must regularly work an average of 20 hours or more per week for two consecutive quarters. *Id.* Ochoco was hired as a limited part-time employee, in accordance with the company's Procedures. Eddie Bauer's records show that she was not scheduled to work an average of 20 hours or more per week for two consecutive and complete quarters, which is a prerequisite for becoming a regular part-time employee.

Eddie Bauer's Personal Holiday Policy expressly states that it does not apply to "part-time limited associates," which includes employees, such as Ochoco. (*See* Exhs. B and C). Ochoco's part-time limited employment status excludes her from the Personal Holiday Policy. Indeed, Ochoco was neither allocated any personal holidays at the beginning of her employment with Eddie Bauer, nor did she take any during any time. Under these circumstances, Plaintiff Ochoco lacks standing, as a matter of law, to assert any claims on behalf of others under the Personal Holiday Policy.

---

[6] As explained in Footnote 1, this Court may consider evidence on Ochoco's employment status, without converting Defendant's Motion to Dismiss into a Motion for Summary Judgment because Plaintiffs' Amended Complaint expressly puts the contents of this document at issue (SAC, ¶ 25); *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (court did not err when it "deviate[d] from the general rule that courts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint" under the incorporation by reference doctrine).

DEFENDANT EDDIE BAUER, INC.'S
NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS

1    *Second,* Plaintiff Scherer fails to assert that she ever worked for Eddie Bauer in a

2    non-management capacity. (SAC generally and ¶ 21). Thus, she lacks standing, as a

3    matter of law, to assert any claims on behalf of non-management employees under the

4    Personal Holiday Policy.

5

6    **E.    Plaintiffs' Claim Under California Business And Professions Code Section
         17200 Predicated On The Alleged Violation Of Section  221 Fails As A
7        Matter Of Law.**

8         "In the absence of a valid claim for violation of the prevailing wages law,

9    plaintiffs also cannot successfully allege unfair business practices or unfair competition

10   under the Business and Professions Code." *Violante v. Communities Southwest Dev.*

11   *and Const. Co.*, 138 Cal. App.4th 972, 980 (2006). Here, as described above, Plaintiffs'

12   Section 221 claim fails as a matter of law. *See* Section III(B), *supra*. Without a valid

13   Section 221 claim upon which Plaintiffs' 17200 is predicated, Plaintiffs' Section 17200

14   claim must also fail.

15   **IV.   <u>CONCLUSION</u>**

16        As explained above, Plaintiffs' Second Causes of Action for an alleged violation

17   of Labor Code Section 221 arising out of the purported unlawful collection or receipt of

18   wages paid to Plaintiffs pursuant to Eddie Bauer's Incentive Program, and Fifth Cause

19   of Action for alleged violations of Business and Professions Code § 17200, fail to state

20   a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss

21   should be granted.

22

23   Dated: February 11, 2008                    s/Kalia C. Petmecky
                                                  Attorney for Defendants
24                                                E-mail: kpetmecky@akingump.com

25

26

27

28

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, California 90067.  On February 11, 2008, I electronically filed the foregoing **DEFENDANT EDDIE BAUER, INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Sheldon A. Ostroff, APC          sostrofflaw@aol.com

and I hereby certify that I have mailed by the United States Postal Service a _courtesy_ copy of the same to the following non-ECF participants(s):

| | |
|---|---|
| Sheldon A. Ostroff, APC | James C. Kostas, APC |
| Law Offices of Sheldon A. Ostroff | David Huffman, APC |
| 1441 State Street | Huffman & Kostas |
| San Diego, California 92101 | A Partnership of Professional Corporations |
| Telephone:    619.544.0881 | 1441 State Street |
| | San Diego, California 92101 |
| _Attorneys for Kristal D. Scherer_ | Telephone:    619.544.0880 |
| | _Attorneys for Kristal D. Scherer_ |

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 11, 2008 at Los Angeles, California.

Irma Edwards
[Print Name of Person Executing Proof]                    [Signature]

PROOF OF SERVICE