# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| KRISTAL SCHERER, | CASE NO. 07 CV 2270 JM (AJB) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS, GRANTING MOTION TO AMEND** |
| vs. | |
| EDDIE BAUER, INC., | **(Doc. Nos. 13, 11)** |
| Defendant. | |

Plaintiffs' first amended class action complaint ("FAC") alleges five employment-related claims arising under California law. Defendant removed the case to federal court on December 3, 2007. Defendant now moves to dismiss the first, second, and fifth claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. no. 13.) Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court hereby **DENIES** the motion to dismiss. For good cause shown, the court also **GRANTS** Plaintiffs' unopposed motion to file an amended complaint correcting the spelling of Plaintiff Ochoco's name. (See Doc. no.11.)

**I.  BACKGROUND**

The following facts are taken from the FAC and are assumed to be true only for the purpose of reviewing the motion to dismiss.

Plaintiffs are two former employees of defendant Eddie Bauer. Defendant owns and operates a chain of retail clothing stores throughout California. (FAC at ¶ 7.) Defendant also sells clothing

through its mail-order catalogue. (Id.) In this putative class action, Plaintiffs proceed as individuals, on behalf of the general public, and on behalf of all members of the class of similarly-situated former and current employees of Defendant in California.

Plaintiffs' allegations relate to Defendant's personal holiday policy (the "Personal Holiday Policy") and incentive compensation plan (the "Incentive Plan"). The Personal Holiday Policy provided that eligible employees would receive compensation for a number of hours of paid "personal holidays" to be used for any reason. (FAC at 2 ¶ 9.) Under the express terms of the Incentive Plan, eligible employees would earn additional compensation based on the performance of the retail stores in which they worked. (FAC at 3 ¶ 10.) If a retail store met or exceeded the predetermined sales target set forth in the Incentive Plan, each employee at that store would receive incentive payments. (Id.) "Eligibility for incentive payments is only predicated on individual store sales and not on the retail store's profitability and/or the performance of any other retail store, division, district and/or [Defendant's] catalogue business." (Id.)

Plaintiffs generally allege that Defendant unlawfully required its employees to forfeit vested personal holiday benefits, and that Defendant unlawfully withheld wages to which employees were entitled under the Incentive Plan. Plaintiffs' breach of contract claim alleges that Defendant breached the written Incentive Plan by deducting from each retail store's sales the value of items returned to that store but purchased at other stores or through Defendant's catalogue. (FAC at 7-8 ¶¶ 38-45 (first cause of action).) The claim for violation of California Labor Code § 200, et seq., alleges that Defendant unlawfully withheld wages owed under the Personal Holiday Policy and Incentive Plan. (FAC at 8-9 ¶¶ 46-56 (second cause of action).) The claim for conversion alleges that Defendant's implementation and enforcement of the Personal Holiday Policy and Incentive Plan converted Plaintiffs' wages to its own benefit. (FAC at 10 ¶¶ 57-60 (third cause of action).) Plaintiffs' claim for unjust enrichment alleges that Defendant wrongfully retained Plaintiffs' wages. (FAC at 10-11 ¶¶ 61-63 (fourth cause of action).) Finally, Plaintiffs' claim for violation of California Business and Professions Code § 17200, et seq., alleges that Defendant's failure to compensate employees pursuant to the Personal Holiday Policy and Incentive Plan constitutes an unlawful, unfair, and deceptive business practice. (FAC at 11-12 ¶¶ 64-69 (fifth cause of action).)

In its partial motion to dismiss for failure to state a claim upon which relief may be granted, see Fed. R. Civ. Proc. 12(b)(6), Defendant seeks dismissal of the claims for breach of contract, violation of California Labor Code § 221, and violation of California Business and Professions Code § 17200. Defendant also argues that Plaintiffs lack standing to sue on behalf of non-management employees.

## II. DISCUSSION

### A. Legal Standards

Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). In evaluating a 12(b)(6) motion, the court must accept the complaint's allegations as true and construe them in the light most favorable to Plaintiff. See, e.g., Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. May 21, 2007) (allegations must provide "plausible grounds to infer" that plaintiff is entitled to relief). The court should grant 12(b)(6) relief only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Furthermore, under the "incorporation by reference" doctrine, the court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted).

### B. California Labor Code § 221 Claim

Defendant moves to dismiss Plaintiffs' § 221 claim on the ground that the claim is barred by the California Supreme Court's decision in Prachasaisoradej v. Ralphs Grocery Co., 42 Cal. 4th 217 (2007). Plaintiffs argue that their § 221 claim falls outside Prachasaisoradej.

California Labor Code § 221 provides that an employer may not "collect or receive from an employee any part of wages theretofore paid by said employer to said employee." In

Prachasaisoradej, the plaintiff, a store employee, argued that his employer's written incentive compensation plan violated § 221. The plan made individual store employees eligible for profit-based supplemental payments in additional to regular wages. The entitlement to and amount of the incentive payments depended on "(1) whether the store's overall operations for the period had been profitable, as the Plan defined profitability, and (2) how any such profit compared to the goals or targets previously set for the store." Id. at 229. The plan calculated the profitability figure by deducting from net earnings store expenses including "cash shortages, damaged or lost merchandise, worker's compensation, tort claims by nonemployees, and other business expenses beyond the employees' control." Id. at 224. According to the plaintiff, this formula violated § 221, among other statutes, because the deductions constituted an unanticipated contribution to the employer for expenses beyond the employee's control. Id. at 227.

The court in Prachasaisoradej held that the plan did not violate § 221. In a thoroughly reasoned opinion, the court identified several facts central to the holding. One of these facts operates as a threshold issue in the instant case. Specifically, the plaintiff in Prachasaisoradej conceded that the employer complied with the Plan "to the letter." Id. at 229. Instead of claiming that the employer exact an amount unauthorized by the Plan, the plaintiff argued that the deductions explicitly authorized by the Plan violated § 221. Id. at 230. The court disagreed because the deductions were built into the Plan's definition of profitability. The court explained:

> If there was uncertainty in the amount ultimately due, it arose, not from employer charge-backs taken after the basic Plan wage was determined, but inherently from the basis on which Plan compensation was awarded. Thus, employees suffered neither a prohibited recapture of compensation already offered, promised, or paid, nor an uncertain or unanticipated deduction from expected wages.

Id. at 237. The nature of the plan and the challenge thereto distinguished Prachasaisoradej from a line of earlier cases involving challenges under the same or analogous statutes. See, e.g., id. at 236-37 (distinguishing Hudgins v. Neiman Marcus Group, Inc., 34 Cal. App. 4th 1109 (1995); Quillian v. Lion Oil Co., 96 Cal. App. 3d 156 (1979); Kerr's Catering Serv. v. Dep't of Indus. Relations, 57 Cal. 2d 319 (1962)).

Here, Defendant argues that Prachasaisoradej bars Plaintiffs' § 221 claim because, as alleged and in fact, the deductions at issue were built into the Incentive Plan. In support of this argument,

1  Defendant submits the purported Incentive Plan pursuant to the incorporation by reference doctrine.
2  (See Decl. of K. Petmecky, Exh. A.)  Plaintiffs argue that the court should distinguish
3  Prachasaisoradej because, as alleged, calculation of the target figure under the Incentive Plan did not
4  involve deductions for store expenses, items returned from other stores, or items returned from the
5  catalogue.

6       A close reading of Prachasaisoradej compels the court to adopt Plaintiffs' position.  Unlike the
7  plaintiff in Prachasaisoradej, Plaintiffs in the instant case do not claim that Defendant followed the
8  Incentive Plan's explicit terms.  Instead, Plaintiffs claim that Defendant's administration of the
9  Incentive Plan violated § 221 by promising incentive payments based upon gross sales and then
10 denying such compensation.  The FAC contains allegations that, if true, support Plaintiffs' argument.
11 The allegations demonstrate that eligibility for the Incentive Plan depended solely on "individual store
12 sales."  (See FAC at 3 ¶ 10; see also id. at 7 ¶ 40 (Incentive Plan provided "that if the dollar value of
13 the sales generated by a retail store met or exceeded a predetermined target the employees at that store
14 would be entitled to additional compensation").)  Construing all reasonable inferences in Plaintiffs'
15 favor, the allegations also demonstrate that eligibility for the Incentive Plan was not predicated upon
16 an individual store's profitability and did not allow for deductions for items returned from other stores
17 or from the catalogue.  (See id. at 3 ¶ 10, 7 ¶ 41.)  The purported Incentive Plan attached to
18 Defendant's motion does not contradict these allegations.  (See Decl. of K. Petmecky, Exh. A.)

19      Accordingly, the court finds that Plaintiffs state viable claim for violation of § 221.

20      **C.**     **California Business and Professions Code § 17200 Claim**

21      Defendant argues that the failure of the § 221 claim also compels dismissal of the § 17200
22 claim. A violation of the prevailing wage law constitutes an unlawful practice sufficient to support
23 a claim under California Business and Professions Code § 17200. See Violante v. Communities Sw.
24 Dev. and Const. Co., 138 Cal. App. 4th 972, 980 (2006) ("In the absence of a valid claim for violation
25 of the prevailing wages law, plaintiffs also cannot successfully allege unfair business practices or
26 unfair competition under the Business and Professions Code."); Hudgins, 34 Cal. App. 4th at 1126
27 ("[A] wage policy or practice that violates the Labor Code may also be held to violate [§ 17200].").
28 Here, Plaintiffs' claim for violation of § 17200 is predicated in part upon their claim for violation of

§ 221. Because Plaintiffs have stated a viable claim under § 221, the court likewise finds that they have stated a viable claim under § 17200. The court therefore denies the motion to dismiss the § 17200 claim.

### D. Breach of Contract Claim

Defendant's challenge to the claim for breach of contract also relates to the arguments surrounding the § 221 claim. "To state a cause of action for breach of contract, [a party] must plead the contract, his performance of the contract or excuse for nonperformance, [the other party's] breach and the resulting damage." Fairchild v. Park, 90 Cal. App. 4th 919, 934 (2001) (internal quotation marks omitted). Defendant contends that Plaintiff fails to allege a breach of the Incentive Plan because Plaintiffs "cannot" identify a provision precluding returns from the calculation of target figures used to determine eligibility. (Mot. at 11.) The court rejected the premise of this argument in the context of the § 221 claim. Contrary to Defendant's argument, the allegations supporting the § 221 claim similarly support the claim for breach of contract. The court therefore denies Defendant's motion to dismiss the breach of contract claim.

### E. Standing to Sue on Behalf of Other Employees Eligible for Personal Holiday Pay

Defendant challenges Ochoco's standing to assert claims on behalf of employees eligible for personal holiday pay under the Personal Holiday Policy. Defendant also challenges Scherer's standing to assert such claims on behalf of non-management employees.

A plaintiff can only survive a Rule 12(b)(6) motion to dismiss for lack of standing where the complaint includes factual allegations that, if proven, would give the plaintiff standing. Sacks v. Office of Foreign Assets Control, 466 F.3d 764, 771 (9th Cir. 2006) (citing Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). "In order to assert claims on behalf of a class, a named plaintiff must have personally sustained or be in immediate danger of sustaining 'some direct injury as a result of the challenged statute or official conduct.'" Armstrong v. Davis, 275 F.3d 849, 860 (9th Cir. 2001) (quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974)).

Defendant claims that Ochoco lacks standing because she does not show that the Personal Holiday Policy applied to her. In the FAC, Plaintiffs allege that Ochoco worked for Defendant full-

1 time from February 2007 to October 2007. (FAC at 5 ¶ 25.) Plaintiffs also allege that, at all times
2 during her employment, Ochoco earned vested personal holidays pursuant to the written Personal
3 Holiday Policy. (FAC at 5 ¶ 26.) Defendant argues that these allegations are inaccurate because
4 "Eddie Bauer's records show that Ochoco was a part-time limited associate, and as such not eligible
5 for holiday pay." (Mot. at 13.) In support of this argument, Defendant submits two documents: a
6 purported description of Defendants' vacation and holiday plan (see Decl. of K. Petmecky, Exh. B),
7 and a purported description of Defendant's employment classifications for associates (see id., Exh.
8 C). As Plaintiffs argue, however, neither exhibit relates to Ohoco's employment status or job
9 classification. (See Opp'n at 16.) The court also notes that Defendant's reference to "Eddie Bauer's
10 records" is wholly unsupported. Because Plaintiffs allege that Ochoco personally sustained a direct
11 injury resulting from Defendant's failure to compensate employees pursuant to the Personal Holiday
12 Policy, the FAC sufficiently alleges Ochoco's standing for 12(b)(6) purposes. See Armstrong, 275
13 F.3d at 860.

14 Defendant also claims that Scherer lacks standing to sue on behalf of non-management
15 employees because Scherer "fails to assert that she ever worked for Eddie Bauer in a non-management
16 capacity." (Mot. at 14.) The allegations establishing Scherer's employment mirror those establishing
17 Ochoco's employment. (See FAC at 5 ¶¶ 21, 22.) Accordingly, they state that the Personal Holiday
18 Policy applied to Scherer. Furthermore, because the FAC does not distinguish between managers and
19 non-managers, Plaintiffs do not place Scherer's managerial status in issue. The court therefore finds
20 that the FAC sufficiently alleges Scherer's standing for 12(b)(6) purposes.[1]

21 **III.    CONCLUSION**

22 For the foregoing reasons, the court hereby **DENIES** the motion to dismiss and **GRANTS**
23 Plaintiffs' motion to file an amended complaint correcting the spelling of Plaintiff Ochoco's name.

24 **IT IS SO ORDERED.**
25 **DATED: June 27, 2008**

---

28 [1] Defendant's arguments regarding Ochoco's and Scherer's suitability as class representatives may be raised more appropriately in the context of a motion for class certification. See Fed. R. Civ. Proc. 23(a).

1
2  cc: All parties
3
4
...
28

**Hon. Jeffrey T. Miller**
**United States District Judge**