1  M. Liberatore (SBN 119976)
   JACKSON LEWIS, LLP
2  5000 Birch Street, Suite 5000
   Newport Beach, CA 92660
3  (949) 885-1360 – Office
   (949) 885-1380 – Fax
4  Email: liberatf@jacksonlewis.com

5  Aryn J. Sobo (SBN 231813)
   JACKSON LEWIS LLP
6  725 South Figueroa Street, Suite 2500
   Los Angeles, California  90017-5408
7  (213) 689-0404 - Office
   (213) 689-0430 - Fax
8  Email:  soboa@jacksonlewis.com

9  Attorneys for Defendant
   EDDIE BAUER, INC.

10

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13
   KRISTAL D. SCHERER, an individual, on )   CASE NO. 07-CV-2270-JM (AJB)
14 behalf of herself individually, all others )
   similarly situated, and on behalf of the )   [Assigned to the Hon. Jeffrey T. Miller]
15 general public,                          )
                                            )   **DEFENDANT EDDIE BAUER INC.'S**
16            Plaintiff,                     )   **ANSWER TO PLAINTIFFS' FIRST**
                                            )   **AMENDED COMPLAINT**
17       vs.                                )
                                            )   Date Action Filed:      Sept. 20, 2007
18 EDDIE BAUER, INC., a Delaware            )   Date Action Removed:  Dec. 3, 2007
   corporation, and DOES 1 through 100,     )
19 inclusive,                               )
                                            )
20            Defendants.                   )
                                            )
21                                          )
                                            )
22 _____ )

23       Defendant Eddie Bauer, Inc. ("Eddie Bauer") hereby answers the numbered

24 paragraphs of the First Amended Complaint[1] by Plaintiffs Kristal D. Scherer ("Scherer")

25 and Kristine Ochoco ("Ochoco") (collectively "Plaintiffs").

26 _____

27 [1] In response to Eddie Bauer's first Motion to Dismiss, Plaintiffs amended their original complaint and filed a First Amended
   Complaint on January 22, 2008. On January 31, 2008, Plaintiffs sought leave to further amend their First Amended
28 Complaint which was granted.  However, as Plaintiffs have yet to file a Second Amended Complaint, Eddie Bauer herein
   answers the First Amended Complaint.

# PARTIES

1.     Eddie Bauer lacks sufficient knowledge or information upon which to form a belief to either deny or admit the allegations of this paragraph.

2.     Eddie Bauer lacks sufficient knowledge or information upon which to form a belief to either deny or admit the allegations of this paragraph.

3.     This paragraph calls for a legal conclusion for which no response is necessary.  To the extent a response is required, Eddie Bauer denies the allegations set forth in this paragraph.

4.     Admit.

5.     This paragraph calls for a legal conclusion for which no response is necessary.  To the extent a response is required, Eddie Bauer denies the allegations set forth in this paragraph.

6.     Eddie Bauer lacks sufficient knowledge or information upon which to form a belief to either deny or admit the allegations of this paragraph.

## GENERAL ALLEGATIONS

7.     Admit.

8.     Eddie Bauer admits that it has a written Personal Holidays Policy.  Eddie Bauer denies the remaining allegations set forth in this paragraph.

9.     Eddie Bauer admits that it has a written Personal Holidays Policy.  Eddie Bauer denies the remaining allegations set forth in this paragraph.

10.     Eddie Bauer admits that it has a written Store Team Incentive Plan and Sales Incentive Program.   The remaining allegations of this paragraph call for a legal conclusion for which no response is necessary.  To the extent a response is required, Eddie Bauer denies the remaining allegations set forth in this paragraph.

11.     Deny.

12.     Eddie Bauer admits that it permitted its customers to return merchandise purchased through Eddie Bauer's catalogue or at other Eddie Bauer stores.  Eddie Bauer denies the remaining allegations of this paragraph.

13.    This paragraph calls for a legal conclusion for which no response is necessary.  To the extent a response is required, Eddie Bauer denies the allegations set forth in this paragraph.

14.    This paragraph calls for a legal conclusion for which no response is necessary.

15.    Eddie Bauer lacks sufficient knowledge or information upon which to form a belief to either deny or admit the allegations of this paragraph.

16.    Deny.

17.    Deny.

18.    Eddie Bauer lacks sufficient knowledge or information upon which to form a belief to either deny or admit the allegations of this paragraph as to Plaintiffs' alleged knowledge.  Eddie Bauer denies the remaining allegations of this paragraph.

19.    Deny.

20.    Deny.

## SCHERER'S CLAIM

21.    Eddie Bauer admits that Scherer is a former employee of Eddie Bauer and worked for Eddie Bauer on a full-time basis.  Eddie Bauer denies the remaining allegations of this paragraph.

22.    This paragraph calls for a legal conclusion for which no response is necessary.  To the extent a response is required, Eddie Bauer denies the allegations set forth in this paragraph.

23.    Deny.

24.    Deny.

## OCHOCO'S CLAIM

25.    Eddie Bauer admits that Ochoco is a former employee of Eddie Bauer. Eddie Bauer denies the remaining allegations of this paragraph.

26.    Deny.

27.    Deny.

28.    Deny.

## THE CLASS

29.    The allegations of this paragraph call for a legal conclusion for which no response is necessary.    To the extent a response is required, Eddie Bauer denies the allegations set forth in this paragraph.

30.    Deny.

31.    Eddie Bauer lacks sufficient knowledge or information upon which to form a belief to either deny or admit the allegations of this paragraph.

32.    The allegations of this paragraph call for a legal conclusion for which no response is necessary.    To the extent a response is required, Eddie Bauer denies the allegations set forth in this paragraph.

33.    Deny.

34.    Eddie Bauer admits that this is the class proposed by Plaintiffs but denies that it is a proper class definition.  Eddie Bauer denies all remaining allegations in of this paragraph.

35.    The allegations of this paragraph call for a legal conclusion for which no response is necessary.    To the extent a response is required, Eddie Bauer denies the allegations set forth in this paragraph.

36.    Deny.

37.    Eddie Bauer lacks sufficient knowledge or information upon which to form a belief to either deny or admit the allegations of this paragraph.

## FIRST CAUSE OF ACTION

### (Breach Of Contract)

38.    The responses to paragraphs 1 through 37 are incorporated by reference in response to this paragraph.

39.    Eddie Bauer admits that it has a written Store Team Incentive Plan and Sales Incentive Program.  Eddie Bauer denies the remaining allegations of this paragraph.

/ / /

40.   The allegations of this paragraph call for a legal conclusion for which no response is necessary.  To the extent a response is required, Eddie Bauer denies the allegations set forth in this paragraph.

41.   Deny.

42.   Deny.

43.   Deny.

44.   Deny.

45.   Deny.

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code Section 200, <u>et seq.</u>)**

46.   The responses to paragraphs 1 through 45 are incorporated by reference in response to this paragraph.

47.   Deny.

48.   Deny.

49.   Deny.

50.   Deny.

51.   The allegations of this paragraph call for a legal conclusion for which no response is necessary.

52.   Deny.

53.   Deny.

54.   Deny.

55.   Deny.

56.   The allegations of this paragraph call for a legal conclusion for which no response is necessary.

**THIRD CAUSE OF ACTION**

**(Conversion)**

57.   The responses to paragraphs 1 through 56 are incorporated by reference in response to this paragraph.

58.   Deny.

59.   Deny.

60.   Deny.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

61.   The responses to paragraphs 1 through 60 are incorporated by reference in response to this paragraph.

62.   Deny.

63.   Deny.

## FIFTH CAUSE OF ACTION

### (Violation of Business & Professions Code Section 17200, et seq.)

64.   The responses to paragraphs 1 through 63 are incorporated by reference in response to this paragraph.

65.   Deny.

66.   Deny.

67.   Deny.

68.   Deny.

69.   Deny.

In answer to the prayer for relief which consists of (a) one unnumbered paragraph requesting judgment against Eddie Bauer, (b) numbered paragraphs 1 through 4 under "on the first cause of action," (c) numbered paragraphs 1 through 7 under "on the second cause of action," (d) numbered paragraphs 1 through 6 under "on the third cause of action," (e) numbered paragraphs 1 through 5 under "on the fourth cause of action," and (f) numbered paragraphs 1 through 5 under "on the fifth cause of action," Eddie Bauer denies that Plaintiffs are entitled to any of the relief described or to any remedy whatsoever against Eddie Bauer.

All allegations of the First Amended Complaint not heretofore specifically admitted or denied are here and now denied as though specifically denied herein.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to amend its Answer to assert additional affirmative defenses, Eddie Bauer asserts the following affirmative defenses.

### First Affirmative Defense

#### (Failure to State a Claim)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, fail to state facts sufficient to constitute a claim against Eddie Bauer.

### Second Affirmative Defense

#### (Failure to State A Cause of Action Upon Which Relief May Be Granted)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each purported cause of action alleged therein, fail to state any cause(s) of action upon which relief can be granted, including with respect to compensation allegedly owed, penalties, prejudgment interest, attorneys' fees, and costs.

### Third Affirmative Defense

#### (Consent)

Eddie Bauer is informed and believes, and on that basis alleges, that Plaintiffs consented to the alleged conduct of Eddie Bauer that is the subject of the First Amended Complaint.

### Fourth Affirmative Defense

#### (Waiver)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred by the doctrine of waiver.

/ / /

### Fifth Affirmative Defense

(Release and/or Accord and Satisfaction)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred by the doctrines of release and/or accord and satisfaction.

### Sixth Affirmative Defense

(Estoppel)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred by the doctrine of stoppels.

### Seventh Affirmative Defense

(Res Judicata)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred by the doctrine of res judicata.

### Eighth Affirmative Defense

(Laches)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred by the doctrine of laches.

### Ninth Affirmative Defense

(Unclean Hands)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred by the doctrine of unclean hands.

/ / /

## Tenth Affirmative Defense

(Justification)

Eddie Bauer is informed and believes, and on that basis alleges, that Eddie Bauer's conduct as alleged in the First Amended Complaint was justified.

## Eleventh Affirmative Defense

(Statute of Limitations)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred to the extent Plaintiffs seek relief for conduct occurring outside the applicable statutes of limitations.

## Twelfth Affirmative Defense

(Lack of Willfulness)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred and/or recovery is precluded because Eddie Bauer's conduct was not willful.

## Thirteenth Affirmative Defense

(Proceedings Are Barred and/or Discharged Pursuant to Confirmation Order and First Amended Plan of Reorganization)

Eddie Bauer is informed and believes, and on that basis alleges, that Plaintiffs' claims are barred and/or discharged pursuant to the United States Bankruptcy Court, Southern District of New York's Order Confirming the Modified First Amended Joint Plan of Reorganization of Affiliated Debtors.

## Fourteenth Affirmative Defense

(Failure To Mitigate)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred to the extent that Plaintiffs failed to mitigate the injury or damages alleged in the Complaint.

/ / /

### Fifteenth Affirmative Defense

(Entitlement to Offset)

Eddie Bauer is entitled to an offset for any monies received by Plaintiffs from any source in compensation for their alleged economic damages and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

### Sixteenth Affirmative Defense

(After-acquired Evidence)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiffs' or the putative class members' alleged damages.

### Seventeenth Affirmative Defense

(Failure To Exhaust Remedies)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred in whole or in part because Plaintiffs failed to exhaust their administrative remedies prior to commencing this lawsuit.

### Eighteenth Affirmative Defense

(No Unfair Competition)

Without admitting the allegations of the First Amended Complaint, Eddie Bauer alleges Plaintiffs' Fifth Cause of Action is barred in that the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, Eddie Bauer gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

/ / /

**Ninteenth Affirmative Defense**

(Lack Of Standing)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred to the extent Plaintiffs lack standing to assert these claims and/or obtain relief against Eddie Bauer.

**Twentieth Affirmative Defense**

(Inability to Protect Interests of Class Members)

This case is not appropriate for class certification because Plaintiffs are not able to fairly and adequately protect the interests of all members of the putative class.

**Twenty-First Affirmative Defense**

(Impermissible Representative Action)

Plaintiffs are barred from obtaining relief against Eddie Bauer, because California Business and Professions Code Section 17200, et seq., does not permit representative actions where liability can be determined only through fact-intensive individualized assessments of alleged wage and hour violations.

**Twenty-Second Affirmative Defense**

(Class Action Civil Penalties Unconstitutional)

Eddie Bauer is informed and believes, and on that basis alleges, that the First Amended Complaint, and each cause of action therein, are barred to the extent Plaintiffs' claim for civil penalties on behalf of a purported class is unconstitutional in violation of the United States and California Constitutions.

**Twenty-Third Affirmative Defense**

(Lack of Irreparable Injury)

Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in the First Amended Complaint because Plaintiffs have suffered no irreparable injury based on any alleged conduct of Eddie Bauer, and Plaintiffs have an adequate remedy at law for any such conduct.

/ / /

### Twenty-Fourth Affirmative Defense

(Lack of Class Action Requirements)

To the extent that Plaintiffs purport to bring this case as a class action, Plaintiffs cannot satisfy the requirements for a class action.

### Twenty-Fifth Affirmative Defense

(Need For Individualized Inquiry)

This case is not appropriate for class certification because whether an employee is entitled to holiday or incentive pay requires a detailed, fact-specific and individualized inquiry that must be decided employee-by-employee for each and every time period in which such pay may allegedly accrue.

### Twenty-Sixth Affirmative Defense

(Claims Not Typical)

This case is not appropriate for class certification because the claims of Plaintiffs are not typical of the claims of the alleged putative class.

### Twenty-Seventh Affirmative Defense

(Individual Facts and Issues Predominate)

This case is not appropriate for class certification because the facts and law common to the case are insignificant compared to the individual facts and issues particular to the Plaintiffs and the alleged putative class members.

### Twenty-Eighth Affirmative Defense

(Scope of Class Unclear)

This case is not appropriate for class certification because the scope of the class is unclear as described in Plaintiffs' First Amended Complaint and thus cannot demonstrate commonality, typicality, numerosity, or that Plaintiffs can adequately represent the class as alleged in the First Amended Complaint.

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Twenty-Ninth Affirmative Defense

(Failure to Perform Terms of Contract)

Eddie Bauer is informed and believes, and on that basis alleges, that to the extent that Plaintiffs failed to perform the terms and conditions of the alleged contract or contracts that Plaintiffs purportedly had with Eddie Bauer, Eddie Bauer's purported actions, if any, were excused.

### Thirtieth Affirmative Defense

(Unavailability of Tort Remedies)

Plaintiffs' damages, if any, must be limited to contract-based remedies because Plaintiffs have failed to identify a valid public policy that might entitle them to tort remedies.

### Thirty-First Affirmative Defense

(Failure to Fulfill Conditions Precedent)

Plaintiffs' claim for breach of contract is barred on the grounds that, as to each and every oral, implied or other contractual relationship alleged therein, Plaintiffs have failed to fulfill conditions precedent to the enforcement of said contract.

### Thirty-Second Affirmative Defense

(Plaintiffs' Breach of Contract)

Plaintiffs' claim for breach of contract is barred on the grounds that, as to each and every oral, implied or other contractual relationship alleged therein, the terms of any alleged oral, written or implied employment agreement between Plaintiffs and Eddie Bauer were materially breached and repudiated by Plaintiffs, and Plaintiffs are therefore entitled to no relief upon such contract.

### Thirty-Third Affirmative Defense

(Lack of Mutual Assent)

Plaintiffs' claim for breach of contract is barred because there was no mutual assent to the terms of the contract that Plaintiffs allege.

/ / /

### Thirty-Fourth Affirmative Defense

#### (Compliance with Statute)

Eddie Bauer at all times complied or substantially complied with all applicable statutes, regulations and laws; accordingly, the First Amended Complaint and each cause of action therein are barred.

### Thirty-Fifth Affirmative Defense

#### (Engagement of Attorneys' Fees)

Eddie Bauer has engaged attorneys to represent it in defense of Plaintiffs' frivolous, unfounded and unreasonable actions, and Eddie Bauer is thereby entitled to recover reasonable attorneys' fees for the defense of this matter.

### PRAYER

For the foregoing reasons, Eddie Bauer prays for judgment as follows:

1. That Plaintiffs take nothing by their First Amended Complaint and that the First Amended Complaint be dismissed with prejudice;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such other, further and different relief as the Court may deem just and proper.

Dated:    July 15, 2008        JACKSON LEWIS LLP


By:   s/Aryn J. Sobo
      Frank M. Liberatore
      Aryn J. Sobo

      Attorneys for Defendant
      EDDIE BAUER, INC.
      Email:  soboa@jacksonlewis.com

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**CASE NAME:**    Scherer v. Eddie Bauer, Inc.

CASE NUMBER: **07-CV-2270-JM (AJB)**

    I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5408.

    On **July 15, 2008,** I served the foregoing document described as:  **DEFENDANT EDDIE BAUER INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| SHELDON A. OSTROFF, ESQ.<br>**LAW OFFICES OF SHELDON A. OSTROFF**<br>1441 STATE STREET<br>SAN DIEGO, CALIFORNIA 92101 | PHONE: (619) 544-0881<br>FAX:    (619) 544-0892 |
| JAMES C. KOSTAS, ESQ.<br>DAVID HUFFMAN, ESQ.<br>**HUFFMAN & KOSTAS**<br>1441 STATE STREET<br>SAN DIEGO, CALIFORNIA 92101 | PHONE: (619) 544-0880<br>FAX:    (619) 544-0892 |

☒    **BY MAIL:**

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **BY NOTICE OF ELECTRONIC FILING:**

    The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

☒    **FEDERAL:**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **July 15, 2008,** at Los Angeles, California.

s/**ELIZABETH GARCIA-ZAPATA**

CASE NO. 07-CV-2270-JM (AJB)    16    **DEFENDANT EDDIE BAUER INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**